## W. D. Gordon et al. v. H. L. Hall et al.

Decided May 28, 1902.

**1.—Trespass to Try Title—Common Source.**

In trespass to try title the parties will be held to claim under a common source where it is shown that the plaintiffs claim in part as heirs of T. and in part under other heirs of his, and that defendant, while in possession, received a deed from the grantee of T.'s executor, and also one from T.'s remaining heir, under which conveyances he had maintained suit to quiet title against outside claimants, and no other deraignment of defendant's title is shown.

**2.—Same—Operation of Rule.**

Where plaintiffs proved common source and a superior title in the land under such sources, it devolved upon defendant to meet the prima facie case thus made against them by proving that they held by virtue of a title superior to the common source; and evidence merely of title in some one anterior to the conveyance of the common grantor does not make such proof.

**3.—Same—Burden Not Shifted.**

The fact that defendant, while in possession, took his conveyance from the common source merely for the purpose of "buying his peace," does not shift the burden of proof upon the other party.

**4.—Same—Possession.**

Nor is mere possession by defendant at the time of receiving conveyances from the common source alone sufficient to show a title superior to the common source and defeat plaintiff's action, where the latter has shown common source and superior title deraigned thereunder.

**5.—Same—Costs and Expenses—Lien.**

Where in trespass to try title the defendant has pleaded and claimed the exclusive benefit of a judgment against outside parties quieting title in him, he is not entitled to ask that, in case the plaintiff recover, the expense of such former litigation be decreed to be a lien on the land in his favor.

**6.—Practice on Appeal—Cause Remanded, When.**

Where it appears that appellee has some evidence showing a right to recover, and which should be considered by a jury, the Court of Civil Appeals, on reversing a judgment in his favor, will remand the case, instead of rendering judgment for the appellant.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*W. J. Brown* and *A. L. Beatty,* for appellants.

*Head & Dillard* and *Wolfe, Hare & Semple,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought on the 15th day of November, 1900, by the appellants, W. D. Gordon and Allen A. Townes, against appellees, H. L. Hall, J. W. Markham, M. Clountz, and J. H. Bounds, in the form of an action of trespass to try title to recover and obtain a partition of the Joseph Reese 840-acre survey situated in Grayson County, Texas. Gordon claims an undivided three-fifths, and Townes an undivided one-fifth interest in the land, and they alleged that appellants owned the other one-fifth.

The appellees answered by plea of not guilty, the statutes of three, five, and ten years limitations, improvements in good faith, and prayed judgment for title and possession of the land as against the appellants.

The case was tried before a jury, and after the evidence was heard, a verdict was peremptorily instructed for the defendants; and from the judgment entered on it this appeal is prosecuted.

The evidence shows that the land in question was patented on the 7th day of May, 1872, to the heirs of Joseph Reese by virtue of duplicate certificate No. 167, issued January 5, 1858, in lieu of headright certificate No. 743, issued January 25, 1839. Original certificate No. 743 was, by order of the probate court of Brazoria County, Texas, made in partition proceedings of the estate of Joseph Reese, sold on the 1st Tuesday of June, 1857, to C. K. Reese, a son of the original grantee. The report was duly confirmed by the court, and a deed made to the purchaser in pursuance of the order of confirmation. It is admitted that C. K. Reese acquired title to the certificate by virtue of said pro-

ceedings and sale. From the statement of facts before us, it appears undisputed that C. K. Reese entered into a contract with R. J. Townes, by the terms of which the latter was to procure a duplicate certificate in lieu of certificate No. 743, and for his services the former agreed to give him (Townes) one-fourth of the duplicate certificate.

C. K. Reese died in 1858, leaving a will by which he bequeathed to his executors, A. G. McCormick and E. Stevens, all his property, to be held by them in trust for the benefit of his children, and to be conveyed by his executors to his children, share and share alike, as they became of age. His executors were not required to give bond, and they were made, by the will, guardians of the children, and clothed with full power to manage his estate independent of the probate court. The will was duly probated, and McCormick only qualified as executor. He inventoried three-fourths of the certificate as belonging to the estate of his testator. The agreement made between C. K. Reese and R. J. Townes, by which the latter was to procure a duplicate certificate of certificate No. 743 and receive for his services one-fourth of such certificate, was recognized by McCormick as executor of the estate of C. K. Reese. Townes procured a duplicate of certificate No. 743, the duplicate being No. 167, and placed it in the hands of H. E. Taylor, of Fannin County, for location. In 1860 a part of the duplicate certificate was located on the land in controversy in Grayson County, and patent issued May 17, 1872, to Joseph Reese, his heirs and assigns. R. J. Towns died in 1875, leaving a will by which he appointed Chas. S. West independent executor. A. G. McCormick as independent executor of Chas. K. Reese, and Chas. S. West as independent executor of R. J. Townes, made a verbal agreement by which they agreed that West, as independent executor of R. J. Townes, was to have the survey in controversy and another tract of 160 acres of land in Grayson County located by the same certificate, and that A. G. McCormick, as executor of the estate of Chas. K. Reese, was to have the unlocated balance of said certificate. C. S. West, as executor of Townes, in 1875 executed a deed to H. E. Taylor conveying the undivided 160 acres of the land in controversy and also 160 acres in Grayson County, located by virtue of the same certificate. On September 28, 1898, H. E. Taylor, by his deed of that date, conveyed to appellee, H. L. Hall, the undivided 160 acres of the lands in controversy. The deed recited that it was the land conveyed to H. E. Taylor by C. S. West as executor of R. J. Townes, who died in 1865. He left surviving him as his only heirs five children, whose names are Allen R. Townes (one of the appellants), N. Cobb Townes, Mrs. Mila T. Morris, Mrs. Pattie E. Rector, and Mrs. Pollie T. Carlton. Mrs. Carlton, as one of the heirs of Townes, joined by her husband, Fred Carlton, on the 7th day of August, 1898, by deed of that date, conveyed to appellee, H. L. Hall, her undivided one-fifth interest in all the lands involved in this suit, the deed reciting that the interest conveyed was that to which she was entitled as an heir at law of Robt. J. Townes. In October, 1900, prior to the institution of this suit, N. Cobb Townes, Mila T. Morris, and

Pattie E. Rector, conveyed all their undivided interest in the land in controversy to the appellant, W. D. Gordon.

In the abstract of title filed in this case by the appellee, R. L. Hall, the deeds from H. E. Taylor and the one from Pollie T. Carlton and her husband, above described, appear; and there is also set out in his abstract of title a judgment rendered in March, 1900, by the Court of Civil Appeals of the Fifth Supreme Judicial District of Texas, in the case of H. L. Hall v. Unknown Heirs of Joseph Reese, No. 2768, quieting Hall's title and possession of the land in controversy. The opinion of the court recites the facts upon which the judgment was rendered, and it appears therefrom that it was based upon the findings that R. J. Townes acquired title thereto by virtue of his agreement, hereinbefore stated, with C. K. Reese, and the partition made by their executors above referred to, and that Hall was in possession of the premises, claiming the same through Townes, as his source of title, by virtue of the deeds made to him (Hall) by Taylor and Pollie T. Carlton. The opinion is reported under the style of Hall v. Reese's Heirs, in 58 Southwestern Reporter, 974, and is here referred to for the purpose of verifying our holding that it is based upon the findings stated.

The other appellees claim through Hall on contracts made subsequent to his purchase from Taylor and Mrs. Carlton.

These undisputed facts, standing alone, in our opinion conclusively show that appellants and appellees claim title to the land in controversy through R. J. Townes as a common source, and that under such source appellants have title to four-fifths and appellees one-fifth of the premises.

"Evidence that the defendant claims title under the common grantor is prima facie proof that such grantor had the title at the time he undertook to convey the right which the defendant claims; and this necessarily involves the assumption that he had acquired the title of all previous owners. The true rule as to proof of common source means this, if it means anything. The rule is statutory in this State; and to permit a defendant to defeat its operation by showing the naked fact that previous to the time the grantor undertook to convey, some third party had title, would render it nugatory. * * * Since plaintiff must prove his title in order to recover, it would seem that when he has shown title under the common source, that proof by defendant, however made, that the common grantor had no title ought to be a defense. But * * * evidence merely of title in some one anterior to the conveyance of the common grantor does not make such proof." Rice v. Railway, 87 Texas, 91.

"The effect of proof of common source by the plaintiff can not be met and overcome by the defendant merely by showing that he claims the land under another source of title which is defective and legally insufficient as evidence of title. He can prove any title which he possesses, but he can not escape from the rule of common source by showing a different claim of title under muniments which do not invest title in him." Smith v. Davis, 47 S. W. Rep., 104.

The appellants having proved the common source and a superior title to four-fifths interest in the land under such source, it devolved upon appellees to meet the prima facie case thus made against them by proving they held title to the premises by virtue of a title superior to the common source. This was not done by proof of the judgment recovered by Hall against the Reese heirs in the Court of Civil Appeals above referred to. This judgment, in our opinion, emphasizes and strengthens appellant's proof of common source. In other words, it demonstrates conclusively to our mind that Hall could not have recovered in that case without showing that the title of the Reese heirs had been divested and passed from them to R. J. Townes, and that he (Hall) held title under Townes. Though his interest acquired through Townes was only one-fifth, yet it entitled him to recover possession of the entire tract. But his recovery inured to the benefit of Townes' other heirs or their grantors, who were his tenants in common. If, as Hall contends, his purchase from Taylor and Mrs. Carlton was merely for the purpose of "buying his peace," it still devolved upon him to show that he held possession of the land by title superior to the one he had acquired for that purpose. The burden of proving this was upon him, a prima facie case having been made out by appellants showing common source, and this burden was not met by proof of the naked fact of possession at the time he obtained the deeds from Taylor and Mrs. Carlton. He offered no other proof of title than possession. This possession must, to have constituted title, have been of such a nature and character and continued for such length of time as would constitute it under the statute of limitations. As to whether the evidence shows he had acquired title by limitations prior to the time of his purchase from Mrs. Carlton, was a question of fact to be considered by the jury. We will not discuss the evidence upon this question, but will say that it is certainly not of such conclusive character as would warrant the court in holding as a matter of law that it constituted title, and in instructing a peremptory verdict in favor of appellees. The evidence upon this question is not materially different from that in Hall v. Clountz, 63 Southwestern Reporter, 941, decided in this court, in which the question of Hall's title by limitation to a part of the land in controversy was directly in issue, in which it was held that the evidence was insufficient to show such title. Yet in our opinion, under the undisputed evidence, the appellants in this case were entitled to recover the interest claimed by them in the land sued for, if it were not for appellee's claim of title under the statute of limitations and the evidence introduced by them upon it. This, in our judgment, is the only issue in the case, and were it not that there is some evidence upon it entitling it to be determined by a jury, we would, without hesitation reverse the judgment of the court below and render judgment here for appellants.

Under this view of the case, it is unnecessary for us to consider any of the assignments of error made by appellants upon the exclusion of evidence offered by them.

The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR ADDITIONAL CONCLUSIONS.

As the undisputed evidence shows that appellants and appellees deraign title from a common source, and the evidence excluded was for the purpose of showing title in such source, we deem it unnecessary to pass upon the assignments of error which complain of the rejection of such evidence. If appellants' title under the common source is superior to appellees', the latter can not recover without showing the existence of a title independent of and superior to the one emanating from such source, and that they hold under such independent and superior title. Therefore it is immaterial whether the common grantor of both parties had title or not, and there could be no such issue between them for the admission of the evidence.

As the evidence shows that appellees contended throughout the trial that the judgment in the case of H. L. Hall v. Unknown Heirs of Joseph Reese did not inure to appellants' benefit; that they could claim nothing by virtue of it; that it inured to appellees' benefit alone; and that appellees claimed title independent of such judgment, we deemed it unnecessary to pass upon the questions raised by the assignments which complain of the court's overruling appellants' exceptions to that part of appellees' first supplemental petition which alleges certain expenses, including attorney's fees, traveling, etc., incurred in the prosecution of such suit, and asks, in the event of appellants' recovery of the land, they be charged with such expenses and that they be decreed a lien upon the premises in appellees' favor. This we denied for the reason that no court, in the face of such contentions, would permit a recovery by appellees for such expenses. However we are of the opinion that the exceptions to the supplemental petition should have been sustained.