ADRIAN YOUNG V. OCTAVIA TRAHAN ET AL.

Decided October 17, 1906.

**1.—Trespass to Try Title—Common Source.**

When adjoining owners have purchased land from a common vendor, and there is a dispute between them about their boundary line, each claiming that his tract extends over on that claimed by the other, such vendor is the common source of title as to that part of the land in controversy.

**2.—Same—Proof of Common Source—Effect.**

Where, in trespass to try title, the plaintiff introduces evidence for the purpose only of showing common source of title, such evidence will not be considered as showing title in the defendant unless introduced by him.

**3.—Limitation—Deed—Description of Land.**

The object of the statute, in making the registry of the deed necessary to the bar of five years limitation is to give notice to the owner that the person in possession is claiming under the deed, and if there is such uncertainty of description that it will not answer the purpose intended, it can not be considered a deed duly registered under the statute. The deed, as it is found on the record, should of itself furnish notice of the particular land claimed, without resorting to extrinsic evidence.

**4.—Same.**

A deed which described the land conveyed as follows: "Said 14 acres of

land is to be 2 acres in front and runs back north 7 acres and known as the Edwards place," is too defective in description to support the five years statute of limitation.

**5.—Limitation—Ten Years.**

Facts considered, and held not sufficient to support ten years limitation.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Marshall & Marshall,* for appellant.—The plaintiffs below having failed to establish a title to the land described in their petition from the sovereignty of the soil, and having shown that the common source if any gave the superior title by eleven years to defendant, the plaintiffs were not entitled to recover. Briscoe v. Bronaugh, 1 Texas, 329; Burns v. Goff, 79 Texas, 239; Howard v. Masterson, 77 Texas, 42; Parsons v. Hart, 19 Texas Civ. App., 304; Curdy v. Stafford, 88 Texas, 124.

The object of the statute of five years limitation in making the registry of· the deed necessary to enable the possessor to avail himself of the five years statutes is to give notice. to the owner that the defendant in possession is claiming under the deed. And in this case the land held by defendant was known for a period of thirty-five years as the Edwards or Beaurdreaux place and plaintiffs were bound to take notice, knowing the limits of the Edwards or Beaurdreaux.place, whether or not said place took in any of the land claimed by them, and that said defendant claimed same under the deed calling for the Edwards or Beaurdreaux place. Flanagan v. Boggess, 46 Texas, 335; Kilpatrick v. Sisneros, 23 Texas, 136; Wofford v. McKinna, 23 Texas, 36; Day v. Needham, 2 Texas Civ. App., 680; McDonough v. Jefferson Co., 79 Texas, 537.

*Stevens & Pickett,* for appellees.—Where adjoining owners have purchased their separate tracts of land from a common vendor and there is a dispute between them about the boundary line of their tracts, each claiming that his tract extends further over on to the other's than the other admits, such common vendor is the common source of title of the said two parties to the portion of land in controversy between them; and when one of them brings suit for such portion of the land in controversy and shows such purchase from their common vendor he has established a common source of title. Rice v. St. Louis, A. & T. Ry. Co., 87 Texas, 93; Webster v. McCarty, 40 S. W. Rep., 823.

If the land in controversy is not embraced within the bounds or description of the deed under which defendant set up five years limitation, title by limitation can not mature, under said five years statute. Carley v. Parton, 75 Texas, 102; Evans v. Foster, 79 Texas, 51.

Where defendant sets up five years limitation the deeds under which he claims must describe the land with certainty sufficient to give the world notice of where the boundary lines to the land he claims are located. Kilpatrick v. Sisneros, 23 Texas, 136;. Wofford v. McKinna, 23 Texas, 45; Cook v. Oliver, 83 Texas, 559; Flanagan v. Boggess, 46 Texas, 335.

In a conflict of boundary between two adjoining owners of land, if

one of them has improvements lapping over the line of the other only a short distance, that is not sufficient to give notice of an adverse holding and limitation would only apply to the land actually occupied and enclosed, and just how much land over the line is so occupied must be shown by the party setting up limitation, and he must also show that it has been occupied sufficient time to mature title under the ten years statute of limitation. Tucker v. Smith, 68 Texas, 482; Blassingame v. Davis, 68 Texas, 597; Bracken v. Jones, 63 Texas, 184; Carley v. Parton, 75 Texas, 102; Evans v. Foster, 79 Texas, 51.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellees on August the 16th, 1904, against the appellant to recover a certain tract of one hundred and forty acres out of the Dever league in Liberty County. Besides the ordinary allegations in an action of trespass to try title, appellees' petition also avers title under the five and ten years' statutes of limitation. The appellant entered a disclaimer as to all the land sued for, except a certain tract of fourteen acres described in our conclusions of fact; as to which he pleaded not guilty, and the five and ten years statute of limitations. The case was tried without a jury and the trial resulted in a judgment in favor of appellees for a strip of the land claimed by appellant to be a part of the fourteen acre tract claimed by him; which strip, the court found was not part of said tract, but a part of the tract of one hundred and forty acres sued for.

*Conclusions of Fact.*—The land sued for is a part of a tract of 553 3-10 acres of the Dever league at one time owned by David Fruger, he having purchased it from John Piere Fruger, Cevile Dugat and Mary Dugat, his wife, in 1879. On June 10, 1892, David Fruger conveyed to Celestine Smith and others 201 acres off the west side of said tract of 553 3-10 acres which is described in the deed of conveyance by metes and bounds. Appellees proved a regular chain of title to 140 acres of this tract of 201 acres from the grantees in said conveyance down to themselves. They then introduced in evidence, for the purpose only of showing a common source of title, a deed from David Fruger to F. Bourdreaux, dated July 11, 1881, which purports to convey fourteen acres of the Dever's league situated in Liberty County, described as follows: "Said 14 acres of land is to be 2 acres in front and runs back north 7 acres and known as the Edwards place," and mesne conveyances extending from Bourdreaux down to the appellant. The deed to him being dated January 31, 1894, and describes the tract of fourteen acres, as do all the other deeds in the chain from Bourdreaux down to him, just as it is described in the deed from David Fruger to Bourdreaux. The 14 acres claimed by appellant under this chain of title is a part of the land sued for by the appellees and claimed by them under a regular chain of title from David Fruger down to themselves. And the evidence is sufficient to show that the strip of land adjudged by the court to appellees, though claimed by appellant to be a part of the 14 acres described in the deeds to him, is a part of the land embraced in the deeds to appellees, and no part of that described in the deeds to appellant, and that without such strip he has all the land his deeds call for, and the very land his deeds describe. The evi-

dence shows that the deed under which the appellant claims was recorded and that he had paid all the taxes due on the land described by it from its date down to the time this suit was brought. As is seen from our statement of the case, this suit was instituted on August the 16th, 1904. It was tried in September, 1905. The appellant testified that he went on the land just eleven years before the trial, which would make the date of his entry upon it, July, 1894; that he built his house in August of the year he went there, and he did not build his fence until a month or so after he built his house. From this testimony, as well as from other evidence in the record, we conclude that appellant failed to show such facts as were necessary to make out his defense of the ten years' statute of limitation, in that he failed to show ten years occupancy accompanied with cultivation, use or enjoyment.

*Conclusions of Law.*—It is contended by appellant that the court erred in its judgment because appellees neither proved title from the sovereignty of the soil nor from a common source. Clearly they did not prove a regular chain of title from the State; but this was not required, if they showed a superior title to appellant's under a common source. The question, then, is did they prove such title? It is contended by appellant that they did not, for the reasons that the evidence does not show that David Fruger is the common source of title to the strip of ground adjudged to appellees, in that the titles emanating from him are two separate and distinct tracts of land. This contention can not be sustained, for the facts bring the case within the principle that "where there is a question as to the position of a common line, there is necessarily a contest concerning the land embraced between the respective positions of the line as claimed, and where the defendant seeks to hold it as within the boundaries of his deed, it is such a chain as enables plaintiff to deraign his title from the source from which defendants' title has come," announced in Huth v. Heermann, 5 Texas, Civ. App., 655. Indeed, the principle that "where adjoining owners have purchased land from a common vendor and there is a dispute between them about their boundary line, each claiming that his tract extends over on that claimed by the other, such vendor is the common source of title as to that part of the land in controversy," formulated as a proposition in appellees' brief, is not only logically correct, but sustained by authorities. (Rice v. St. Louis, etc., Ry. Co., 87 Texas, 92.)

It is also urged under this assignment, that if a common source of title be shown the very evidence which proves it establishes appellant's title as the superior one because it was the first to emanate from that source. This would be correct had the appellant proved the execution of the deed under which he claims from Fruger to Bourdreaux. But he failed to do so, and, on this account, the deed was excluded when offered by him in evidence. He contends, however, that inasmuch as it was introduced in evidence by the appellees to prove common source of title, it was in evidence for every purpose. This position is not correct; for in making proof of common source of title the plaintiff has the right to introduce his evidence for that purpose only, and where so introduced it will not be considered for the purpose of showing title in defendant, unless introduced by him. (Ogden v. Bosse,

86 Texas, 346.) In this case it is said: "The proof of common source does not mean that defendant has title under the claim proved, but that he claims to have title under it. . . . It is true when both parties claim title under a common source, the plaintiff must prove that he has the better title in order to recover; that is, the title produced by the plaintiff must be better than that produced by the defendant; but this rule does not require of the plaintiff to prove defendant's title in order to show his own is superior." Hence, Fruger being the common source under whom both parties claimed, and appellees having shown a regular chain of title from such source, and the appellant having adduced no evidence of title therefrom, appellees were entitled to recover the land in controversy unless defeated by the statute of limitations.

The object of the statute, in making registry of the deed necessary to enable the possessor to avail himself of the five years limitations, is to give notice to the owner that the defendant in possession is claiming under the deed; and if there is such uncertainty of description that it will not answer the purpose intended, it can not be considered a deed duly registered under the statute. (Kilpatrick v. Sisneros, 23 Texas, 136; Flanagan v. Boggess, 46 Texas, 335; Cook v. Oliver, 83 Texas, 559; Mooring v. Campbell, 47 Texas, 39; Longley v. Warren, 11 Texas Civ. App., 269.) As is said in the case last cited, "the claim under the five years' statute was not intended to rest on any such footing or movable basis, but should be fixed and certain, serving notice of the boundaries of the hostile claim and possession." It needs no argument to demonstrate that the land described in appellant's deeds can not be identified by the description given it in such deeds without resorting to extrinsic evidence. The deed as it is found on the record should itself furnish such notice to the owner of the land as will enable him to identify it without making other inquiry, so that he may protect his rights against one in possession claiming under it. The description in the deeds under consideration give no such notice, and therefore do not support the five years statute of limitation.

The appellant having failed to prove adverse possession, accompanied by cultivation, use or enjoyment, of the land for the full period of ten years next before the institution of this suit, did not make good his plea of limitation under the statute of ten years. (Article 3343, Revised Statutes of 1895.)

These conclusions of law together with our findings of fact, dispose of all appellant's assignments adversely to him and require an affirmance of the judgment.

*Affirmed.*

Writ of error refused.