## JACKSON et al. v. CATO.
### No. 5341.

Court of Civil Appeals of Texas. Amarillo.

Oct. 20, 1941.

Rehearing Denied Dec. 1, 1941.

"Beginning at a bois d'arc post set in the south line of said Survey No. 39 for the S. E. corner of the West 224 acres of said Survey and the S. W. corner of this tract;

"Thence N. 72 05' E. 94 varas to a bois d'arc post set in the South line of said Survey 39 for the S. E. corner of this tract;

"Thence N. 18 W. at 950 varas set .bois d'arc post, 1511.2 varas to a stake set in the North line of said Survey 39 for the N. E. corner of this tract;

"Thence S. 54 47' W. 98.4 varas to a stake set for the N. E. corner of said 224 acres and the N. W. corner of this tract;

"Thence S. 18 E. at 525 old bluff bank of River, at 532 varas to a willow post set on sand hill, from which water tower in Vernon bears N. 60 07' E., 1482 varas to the place of beginning;"

The appellee answered by general demurrer, numerous special exceptions, general denial, plea of not guilty and the statutes of three, five and ten years limitations and also alleged a division line between the tracts of appellants and appellee had been fixed and established by agreement in 1916 and had been recognized and maintained as such at all times since said date.

While the suit was filed as an action in trespass to try title the controversy resolved itself into a question of boundary.

In response to special issues submitted, the jury found that there was an agreed boundary line established between the tracts of land about the year 1916, a fence erected thereon and that such division line had been continuously recognized by the owners of the adjoining tracts as the boundary line between them. They also found in favor of appellee on limitations.

The court rendered judgment that appellants take nothing by their suit and defendant go hence with his cost.

When the appellants rested the appellee declined to offer any testimony and all parties closed.

The appellants assign as error the action of the court in refusing at their request to direct a verdict in their behalf and render judgment thereon awarding them title and possession to the land involved contending that the testimony was utterly insufficient to support the findings of a jury in favor of appellee on any of the defense issues pleaded and submitted.

The appellee, in reply to appellants' assignment based on the refusal of the court to direct a verdict in their behalf, insists

Jesse Owens and J. Shirley Cook, both of Vernon, for appellants.

Warlick & Bunnenberg, of Vernon, for appellee.

JACKSON, Chief Justice.

This suit was instituted in the form of an action in trespass to try title in the District Court of Wilbarger County by the appellants, Katherina Zipperle Jackson and husband, J. W. Jackson, against the appellee, C. H. Cato, to recover title and possession of a tract alleged to include 24.9 acres of land, a part of 448 acres, composed of Survey No. 39 in Block 9, containing 433 acres, and 15 acres out of Survey No. 37 in the same block, situated in Wilbarger County, Texas.

The tract in controversy is described as the west one-ninth of the east one-half of said 448 acres with metes and bounds as follows:

that appellants were in no event entitled to recover because they failed to show that they deraigned their title to the land from the sovereignty of the soil; failed to show that appellants and appellee held under a common source but if it should be determined that common source of title was shown then appellants failed to show they had a complete and consecutive chain of title from such common source.

The appellants did not attempt to prove that their title was deraigned from the sovereignty of the soil but depended upon their showing of common source.

The record shows that on August 27, 1897, C. H. Silliman conveyed to J. N. Cato 448 acres of land, all of Survey 39, Block 9, and 15 acres out of Survey No. 37 in said block which was described in the deed by metes and bounds as follows:

"Beginning at a stake, mound and four pits, the southwest corner of Survey No. thirty-seven (37) Block No. Nine (9) on the North line of survey No. 25. Thence South 72 West at 362 varas, passing a stake, mound and four pits, the Northwest Corner of survey No. 25 1687 varas to a stake, mound and four pits. Thence North 18 West 1187 varas, a stake on South bank of Pease River. Thence down Pease River with its meanders North 54 3/4 East 1766 varas to a stake on bank. Thence South 18 East 1710 varas to the beginning, containing 433 acres.

"Second tract: Part of 320 acres known as survey No. thirty-seven (37) Block No. Nine (9) granted and patented to the Houston and Texas Central Railway Company on the 21 day of November, 1887, by patent No. 309, Volume 106, Abstract No. 276, and described by metes and bounds as follows: Beginning at the Southwest corner of said Section No. thirty-seven (37) Block No. Nine (9) mound and four pits. Thence North 18 West 1710 varas to the Northwest corner of said Survey, the south bank of Pease River. Thence down said river North 72° East 51 varas. Thence South 18 East 1710 varas, south line of said survey on the North line of survey No. twenty-five (25) Block No. Nine (9). Thence South 72 West 51 varas to the place of beginning, containing 15 acres. The land herein conveyed aggregates 448 acres."

J. N. Cato and M. E. Cato were husband and wife and to their marriage were born nine children, and the property above described acquired from C. H. Silliman was the community property of J. N. and M. E. Cato.

J. N. Cato died, the date not shown, but there was apparently no administration on the estate nor guardianship for the children and until a partition deed was executed between the wife and the children, M. E. Cato and the children held the 448 acres as tenants in common. Spencer et al. v. Pettit et al., Tex.Com.App., 2 S.W. 2d 422. On October 2, 1916, M. E. Cato, the wife of J. N. Cato, deceased, and the nine children, J. H. Cato, joined by his wife, Florence Cato, R. M. Cato, joined by his wife, Della Cato, R. D. Cato, joined by his wife, Sallie Cato, C. H. Cato, joined by his wife, Virgie Cato, E. V. Cato, joined by his wife, Berta Cato, Mrs. Mittie Leverett, joined by her husband, T. B. Leverett, Mrs. Lou Leverett, joined by her husband, M. M. Leverett, Mrs. Bettie Morehead, joined by her husband, J. W. Morehead, and Mrs. Ora Kester, joined by her husband, L. E. Kester, executed, acknowledged and delivered a partition deed by the terms of which they granted to M. E. Cato, their mother, all of the West one-half of said 448 acre tract of land. They granted, sold and conveyed to Mrs. Ora Kester all of the West one-ninth of the East one-half of said 448 acres of land and the deed provided that this one-ninth should be located in a strip immediately adjacent to the West one-half of the 448 acres conveyed to Mrs. M. E. Cato. They granted, sold and conveyed to J. H. Cato, R. M. Cato, R. D. Cato, C. H. Cato, E. V. Cato, Mrs. Mittie Leverett, Mrs. Lou Leverett and Mrs. Bettie Morehead each an undivided one-eighth interest in and to the remaining eight-ninths of the East one-half of said 448 acres of land. The last named eight children each received a one-ninth undivided interest and hence continued to be tenants in common. The record does not show any partition among the owners of this eight-ninths of the East one-half nor any sale by any one of the children of his interest and therefore C. H. Cato as tenant in common with the other seven children who received a one-ninth of the eight-ninths of the East one-half of the 448 acres, or those who owned such interest, was authorized to defend the suit in his behalf and those who held as tenants in common with him. Zachry et al. v. Moody et al., Tex.Civ.App., 59 S.W.2d 846; 11 Tex.Jur. 500, par. 57.

The appellants in this case claim to have acquired through mesne conveyances

the title of M. E. Cato to the West one-half of the 448 acres and to the West one-ninth of the East one-half of said 448 acres acquired by Mrs. Ora Kester and appellee acquired at least one-ninth of the East one-half of the 448 acres and was a tenant in common with the holders of the seven-ninths of the East one-half of said tract of land. The appellants introduced for the limited purpose of showing common source only, 41 Tex. Jur. 528, par. 54; Ogden v. Bosse, 86 Tex. 336, 347, 24 S.W. 798, a portion of the tenth paragraph of appellee's first amended answer, which reads as follows: "And for further answer herein, defendant shows the Court that the division line, as the same now exists, was fixed and established by the grantors of both plaintiffs and defendant in the year 1916; that the said division line was on said date fixed and agreed to by the then owners of the said two tracts who were the grantors of both plaintiffs and defendant, as an agreed line between the said two tracts; that said line has at all times since been recognized and considered the boundary line between the two tracts; and that at the time said line was established a fence was built on said land dividing the said two tracts, but that part of the fence which divided the cultivated land on the two tracts was torn down by agreement in order that both parties might use the space occupied by said fence as a place to turn and thereby avoid waste to both parties; that the part of said fence which was built, as aforesaid, between the pasture lands of the two said tracts was erected on the agreed line, as aforesaid, and is a continuation and a part of the original fence built on the said agreed line and the same is still standing at the place where it was originally built; that the said line was so established as such and all parties agreed that such a line was the true boundary line between the said two tracts and the said parties were the grantors of these plaintiffs and defendant; * * *"

■ This testimony we think shows that appellee and Carl Zipperle, deceased, who was the predecessor in title of appellant, held under a common source. San Antonio Machine & Supply Co. v. Campbell, Tex. Civ.App., 110 S.W. 770; Young v. Trahan, 43 Tex.Civ.App. 611, 97 S.W. 147; Tiemann v. Cobb, 35 Tex.Civ.App. 289, 80 S. W. 250.

■ The appellee contends that appellants failed to show title from the common source and therefore were not entitled to recover. The record shows that Carl Zipperle acquired title to the West one-ninth of the East one-half and the West one-half of said 448 acres of land. Mr. Zipperle died testate. His will was duly filed in the probate court of Wilbarger County. The estate was inventoried by commissioners, approved and the will admitted to probate. Carl Zipperle, who we presume was the son of Carl Zipperle, deceased, though not shown, was appointed executor, without bond, of the estate. As such executor and individually, joined by his wife, Carrie Zipperle, Fred Zipperle and his wife, Alice Zipperle, Katherina Zipperle Jackson, joined by her husband, conveyed to Pauline Andrew numerous tracts of land among which was a tract of 246 acres, more or less, a part of Surveys 39 and 37, Block 9, the West one-half and the West one-ninth of the East one-half of that certain 448 acre tract partitioned to Mrs. M. E. Cato and Mrs. Ora Kester by deed of October 2, 1916. Pauline Andrew and her husband deeded the land last above described to appellants. The order probating the last will and testament of Carl Zipperle, deceased, directed that the will be admitted to probate and recorded in the minutes of the court. The will is not in the record of this appeal and what power was therein granted to Carl Zipperle, the executor, is not disclosed, hence, the record fails to show that as executor he had authority to convey the land involved to Pauline Andrew. Likewise, the record is entirely silent as to whom Carl Zipperle, deceased, devised and bequeathed his property. An executor obtains his authority from the probate law and the provisions of the will and is restricted to such authority as he so obtains. Simpkins Administration of Estates, 185, par. 138. The appellants in this case obtained their title from Pauline Andrew and husband but on account of the failure of the record to disclose a valid deed to Pauline Andrew from her grantors appellants failed to deraign their title from the common source and therefore they were not entitled to a judgment and the court did not commit error in refusing to direct a verdict in their behalf. The rule is settled in this State that a party suing in trespass to try title must recover, if at all, upon the strength of his own title and not upon the weakness of his adversaries' title. Kinney v. Vinson, 32 Tex. 125, 126; Humble Oil & Refining Co. et al. v. Wilcoxon et al., Tex.Civ.App., 70 S.W.2d 218; 41 Tex.Jur. 492, para. 30. It is also the set-

**306**

tled law that appellants were required to establish each link in their chain of title either to the sovereignty of the soil or to the common source of title. Jimerson et al. v. Harrington et al., Tex.Civ.App., 292 S.W. 912; 41 Tex.Jur. 528, par. 54, supra.

■ In San Antonio Machine & Supply Co. v. Campbell et al., Tex.Civ.App., 110 S.W. 770, it is held that if a plaintiff in a suit of trespass to try title fails to connect himself by a complete chain of title with the common source, he cannot recover. Therefore, the appellants were not entitled to judgment regardless of the sufficiency or insufficiency of appellee to sustain the defenses he pleaded.

The judgment is affirmed.