**WATKINS et al. v. CERTAIN–TEED PRODUCTS CORPORATION et al.**

No. 6047.

Court of Civil Appeals of Texas.
Amarillo.

April 24, 1950.

Rehearing Denied May 22, 1950.

982

C. M. Means, D. A. Frank, and Vickrey & Rhea, all of Dallas, for appellants.

H. J. Patterson, Cecil C. Cammack and W. B. Weaver, all of Fort Worth, J. Q. Smith and O. L. Bell, Quanah, for appellees.

PITTS, Chief Justice.

This is a suit in trespass to try title. Appellees, Certain-Teed Products Corporation and Cities Service Oil Company, a corporation, filed suit on April 4, 1949, against appellants, Elven W. Watkins and his sister, Vivian Watkins Bethel, joined by her husband, Don Bethel, alleging ownership by the first named appellee of the oil, gas and other minerals in fee in, on and under certain described lands located in Hardeman County, Texas, and alleging ownership by the last named appellee of oil, gas and other mineral leasehold estate in the same land. Appellants answered with a plea of "not guilty" and further pleaded the five and ten year statutes of limitation. The case was tried to a jury. At the close of the evidence both parties moved for an instructed verdict. The trial court overruled appellants' motion and peremptorily instructed the jury to return a verdict for appellees. In accordance with the instructions given the jury returned such a verdict and judgment was accordingly rendered, from which an appeal has been perfected to this court.

Appellants, complain in their points of error because the trial court instructed a verdict for appellees and refused to instruct a verdict for them; they further complain because the trial court refused to submit the issues of five and ten year statutes of limitation, Vernon's Ann.Civ.St. arts. 5509, 5510, if they were not entitled to a peremptory instruction in their favor; and they further complain about the form of the judgment rendered.

By stipulation of the parties it was agreed "that the lands involved in this suit have been patented out of the State of Texas". In order to establish a common source of title under which appellees and appellants were both claiming, appellees tendered as evidence exhibits showing a claim of title to the oil, gas and other minerals in question from John R. Good and wife, Josephine Good, to themselves and the surface estate out of the same source to appellants. In an effort to rebut appellees' claims appellants offered four of the same exhibits previously tendered by appellees, together with oral testimony.

The exhibits tendered by appellees to establish a common source of title were as follows:

(1) A deed of date August 20, 1903, from John R. Good and wife, Josephine Good, to Sam Lazarus, conveying "all of the gypsum, gypsum plaster and gypsum stone and all other minerals of any kind whatsoever, situated on or in Sections 144 and 145, Block H. W. & N. W. Ry. Co. Surveys", the lands here in question. Certain privileges were therein granted Sam Lazarus by the grantors in the said deed which also contained the clause "To have and to hold all and singular the said mineral rights and other specified privileges unto the said Sam Lazarus, his heirs and assigns forever." The said deed was recorded in Volume 20, Page 539 of the Deed Records of Hardeman County, Texas.

(2) A quitclaim deed of date June 22, 1910, from Sam Lazarus and wife, Lillie N. Lazarus, to Acme Cement Plaster Company, conveying all right, title and interest in the lands in question and expressly providing that it was the intention of the grantors to convey all of their interest which had been conveyed to Sam Lazarus by the deed of John R. Good and wife, Josephine Good, heretofore referred to in exhibit 1.

(3) A quitclaim deed of date April 27, 1923, from Acme Cement Plaster Company to appellee, Certain-Teed Products Corporation, conveying all of the mineral to the lands in question and all of the rights and privileges conveyed to Sam Lazarus by the deed from John R. Good and wife, Josephine Good, referred to in exhibit 1.

(4) All of the probate proceedings in the estate of Josephine Good who died on January 22, 1913, and left a will, in which she gave all of her property and interest therein of every kind and character to her husband, John R. Good. Title to such was vested in him.

(5) A warranty deed of date August 27, 1917, by Sidney Good (a bachelor) conveying to his father, John R. Good, any and all interest grantor may have in the lands in question for a consideration of $1.00.

(6) A warranty deed of date August 11, 1927, from John R. Good and wife, Rosa Kyle Good, to C. T. Watkins, conveying the lands in question together with other lands, the conveyance being made "expressly subject to a certain mineral deed executed by John R. Good and wife, Josephine Good, on August 20, 1903, to Sam Lazarus, recorded in Volume 20, page 539, of the Deed Records of Hardeman County, Texas, by which deed all minerals located on, in or under said Sections Nos. 144 and 145 (the lands in question here) were conveyed to said Sam Lazarus."

(7) A warranty deed of date December 15, 1941, from C. T. Watkins and wife, Ella L. Watkins, to their children (appellants here), Elven W. Watkins and Vivian Watkins Evans (who was Vivian Watkins Bethel, wife of Don Bethel, at the time of the trial of this suit) conveying the lands in question for a consideration of the sum of $10.00 and the further consideration of love and affection. This deed makes reference to the deed of date August 11, 1927, from John R. Good and wife, Rosa Kyle Good, to grantor in this deed, C. T. Watkins, and thereafter contains the following recital: "Reference is here made to the deeds above set out for a complete description of the lands conveyed hereby and this conveyance is made subject to the terms and conditions contained in said deeds where such terms and conditions still apply to and effect said lands, or any part thereof."

This deed by the use of such restrictive language conveys to appellants the lands in controversy here subject to the terms of the mineral conveyance by deed of date August 20, 1903, from John R. Good and wife, Josephine Good, to Sam Lazarus.

(8) An oil, gas and mineral lease of date March 18, 1948, from appellee Certain-Teed Products Corporation, to appellee Cities Service Oil Company, conveying the oil, gas and other minerals in and under the lands in question.

By and through exhibits 1, 2, 3, 4, 5 and 8 appellants have shown a complete chain of title out of John R. Good and wife, Josephine Good, into themselves of the mineral estate claimed. Through some of the said exhibits, together with exhibits 6 and 7, appellees have likewise shown a chain of title to the surface estate into appellants out of John R. Good and wife, Josephine Good. Appellees have thus shown the common source by showing the chain of title, including the death of Josephine Good, the probate proceedings controlling her estate, in which it was affirmatively shown that all of her right, title and interest in the property here involved came into her husband, John R. Good, who, joined by his second wife, Rosa Kyle Good, conveyed the land to C. T. Watkins who conveyed it to appellants.

By introducing appellees' exhibits 4, 5, 6 and 7 appellants have supported the establishment of a common source of title under which both appellees and appellants are claiming. The chain of title conclusively establishes appellees' claim of the mineral estate through Sam Lazarus, to whom such was conveyed by John R. Good and wife, Josephine Good, on August 20, 1903. Appellants' claims are based principally on exhibit 6 which conveys the lands in question to appellants' predecessor, C. T. Watkins, "subject to" the mineral deed executed by John R. Good and wife, Josephine Good, on August 20, 1903, which means the land was conveyed by grantors without the mineral

right, which had been previously conveyed by them to Sam Lazarus. By the chain of title proven, appellees have conclusively established their claim of the mineral estate here in controversy and they have likewise established the fact that appellants have no legal right to claim any interest in the said mineral estate. The latter fact has been likewise established by the exhibits introduced by appellants themselves. Certainly appellees (plaintiffs) have established a superior title to that claimed by appellants (defendants). In the case of Young v. Trahan, 43 Tex.Civ.App. 611, 97 S.W. 147, writ refused, the court held that where, in trespass to try title, plaintiff proved superior title to defendant under a common source, it was not necessary to prove a regular chain of title from the state. Such a rule is recognized in the case of Spencer v. Levy, Tex. Civ.App., 173 S.W. 550, writ refused, and by 41 Tex.Jur. 509. The court held in the case of Gordon v. Hall, 29 Tex.Civ.App. 230, 69 S.W. 219, that where in trespass to try title plaintiff proves a common source of title and a superior title to himself, deraigned therefrom, it devolves on defendant to meet the prima facie case thus made by proving title in himself deraigned from a title superior to the common source. Such a rule is announced with approval in the case of Rice v. St. Louis, A. & T. Ry. Co., 87 Tex. 90, 26 S.W. 1047, 47 Am.St.Rep. 72. In support of these rules we also cite Hovel v. Kaufman, Tex.Com.App., 280 S.W. 185; Caruthers v. Hadley, Tex.Civ.App., 115 S. W. 80; and Snowden v. Glaspy, Tex.Civ. App., 127 S.W.2d 508. In the case at bar appellants have not sought to establish title in themselves deraigned from a title superrior to the common source. They in fact rely on the established common source themselves.

■■ Appellants seek to apply the rule of ejusdem generis to aid in the construction of the clause that conveys the minerals as the same is found in the deed of date August 20, 1903, from John R. Good and wife, Josephine Good, to Sam Lazarus as set out in exhibit 1. The conveying clause found in the said deed conveys "all of the gypsum, gypsum plaster and gypsum stone and all other minerals of any kind whatsoever, situated on or in" the land in question. Appellants say the foregoing clause should be construed as conveying "all the gypsum, gypsum plaster and gypsum stone and all other *such like* minerals of any kind whatsoever." They contend that since oil and gas are different minerals from the gypsum type, the rule of ejusdem generis should be applied to aid in construing the conveying clause found in the deed. The Circuit Court of Appeals, Fifth Circuit, held in the case of Phillips v. Houston Nat. Bank, Houston, Tex. (In re Gulfstates S. S. Co., Inc.), 108 F.2d 934, 936, that: "The rule of ejusdem generis is only a rule of construction to aid in ascertaining the true intention of a statute or contract, and never overrules an intention that is clear."

It is our opinion that the use of the language found in the said deed conveying gypsum "and all other minerals of any kind whatsoever" clearly expresses the intention of the parties and does not need the aids suggested by appellant to explain its meaning. We hold that the said deed conveyed the oil and gas in and on the lands in question. In support of our position we cite Luse v. Boatman, Tex.Civ.App., 217 S.W. 1096, writ refused; Luse v. Parmer, Tex. Civ.App., 221 S.W. 1031, writ refused; Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800.

■■ Under the chain of title presented in this case the minerals had been severed from the surface of the land since August 20, 1903. The rule is well established in Texas that an adverse entry upon the surface of land extends downward and includes title to the underlying minerals where at the time of entry there had been no severance of the mineral estate. Broughton v. Humble Oil & Refining Co., Tex.Civ.App., 105 S.W. 2d 480 (cited by both parties). The rule is equally as well established in Texas that, after the severance of the surface of the land and the mineral estate, the mere possession of the one will not ripen into a limitation title to the other and that, after severance of the oil and gas estate, a mere ad--

verse possession and use of the surface does not constitute adverse possession of the minerals under the surface. Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619; Wallace v. Hoyt, Tex.Civ.App., 225 S.W. 425; Henderson v. Chesley, Tex.Civ.App., 229 S.W. 573, writ refused; 31—A Tex.Jur., pages 43, 44, Section 15. The last-cited authority says: "After the severance of the surface and the mineral estate, the possession of the one will not ripen into a limitation title of the other. So after severance of the oil and gas estate adverse possession of the surface is not adverse possession of the minerals. When the adverse entry is made after the severance, something more than use of the surface is required. Such dominion must be exercised over the minerals as will be notice to the owner of the mineral estate that the possessor of the surface estate is claiming the minerals also."

The witness, C. T. Watkins, testified that he was 81 years old and that he bought the lands in question in 1927 as is shown by exhibit 6. He further testified, in effect, that he took possession of the lands in 1928 and had held possession since that time; that he was familiar with the mineral reservation made in the deed of date August 20, 1903, from John R. Good and wife, Josephine Good, to Sam Lazarus at the time he bought the land; that he assessed only the land for taxes as he did not have any minerals in it; that he had paid the taxes on the land but he paid only on what he bought from John R. Good and wife, Rosa Kyle Good; and that water wells had been drilled on the land but there had been no drilling on the premises for minerals and no mining done on the property. The witness Harold Phillips, tax assessor and collector of Hardeman County, Texas, testified that C. T. Watkins and his children, appellants here, did not render for taxes any mineral estate in the land in question and did not pay taxes on such mineral estate. Appellants did not testify but according to the testimony of their father, C. T. Watkins, who was their predecessor in title and who had occupied the premises since 1928, neither he nor appellants made any use of the surface of the land or in any other manner such as would put anybody on notice that they ever claimed the minerals therein. On the contrary C. T. Watkins admitted, in effect, that he knew they did not own the mineral interest. Exhibits 9, 10 and 11 introduced by appellees and recorded in the Deed Records of Hardeman County are instruments concerning appellees' mineral interest in and on the lands in question. The said instruments bear dates, respectively, of March 19, 1923, September 1, 1944, and May 28, 1948, and are sufficient evidence to give constructive notice of a claim that the mineral estate had been severed from the surface of the lands in question.

■ It has been held that mineral estates severed from the land are separate and distinct and are taxable as separate estates; that possession of the surface after severance will not affect ownership of the mineral estate; that fee ownership of mineral estate is of equal dignity as surface estate; that the owner of a mineral estate may maintain action of trespass to try title. Yates v. State, Tex.Civ.App., 3 S.W.2d 114, and other authorities there cited.

■ It may be observed that the record reveals that there were some gravel pits on the surface of the lands in question and that C. T. Watkins had sold and given away gravel to neighbors and others for construction purposes and for use in building roads and streets. But it is conceded by all parties that the mineral estate involved in this suit does not include gravel and sand. It was recently held by the Supreme Court in the case of Heinatz v. Allen, 217 S.W.2d 994, that sand and gravel are not minerals within the ordinary and natural meaning unless they are exceptional in character or have a peculiar value. There is no contention made in the case at bar that the sand and gravel on the land in question are of any exceptional character or that they have any peculiar value. In the case of Psencik v. Wessels, Tex.Civ.App., 205 S.W.2d 658, the court held that "minerals" did not include sand and gravel and that a conveyance or exception of "minerals" include such minerals and mineral substances as

are commonly regarded as minerals as distinguished from the soil generally.

Appellants complain about the use of the terms "mineral estate" and "mineral leaseholds" by the trial court in its judgment. The trial court found that the mineral estate was severed from the surface estate by the deed of date August 20, 1903, from John R. Good and wife, Josephine Good, to Sam Lazarus and the severance has since continued. The mineral estate was awarded to appellee Certain-Teed Products Corporation and the leasehold estate was awarded to appellee Cities Service Oil Company subject to the terms and conditions of the oil, gas and mineral lease of date March 8, 1948, from Certain-Teed Products Corporation to Cities Service Oil Company (exhibit 8), which mineral lease is a part of the chain of title of the mineral estate previously created and severed from the surface estate. Appellees contend that the judgment awards them recovery only for the things they sought and they concede that they could not recover any greater quantity than what they sued for. It is our opinion that the use of the terms "mineral estate" and "leasehold estate" in the judgment do not magnify or expand the rights of appellees beyond their claims made in their pleadings and supported by the evidence.

We finally conclude that the trial court correctly held that appellees proved a common source of title; that appellees' title was superior to any title claimed by appellants; that the conveyance from John R. Good and wife, Josephine Good, to Sam Lazarus of date August 20, 1903, covered and included oil, gas and other minerals; that such conveyance from John R. Good and wife, Josephine Good, to Sam Lazarus did not include sand and gravel; that there was no adverse possession established by appellants on which to base title by limitation; and that the judgment rendered by the trial court is a proper and correct judgment under the record presented to us. All of appellants' points of error to the contrary are overruled and the judgment of the trial court is affirmed.