JIMERSON et al. v. HARRINGTON et al.
·(No. 3334.)

(Court of Civil Appeals of Texas. Texarkana.
Jan. 13, 1927.)

I. Trespass to try title ⊝⇒6(I)—Plaintiff must recover on strength of his own title.

Plaintiff in ejectment must recover on strength .of his own, and not on weakness of his adversary's, title.

2. Trespass to try title ⊝⇒6(I)—Plaintiff, on plea of not guilty, must deraign title from sovereignty of soil or from common source.

Plaintiff, confronted with plea of 'not guilty, must deraign title from the sovereignty of soil or-from common source.

3. Trespass to try title ⊝⇒4I(I) — Evidence held insufficient to support finding that plaintiffs had established title to land.

Evidence *held* insufficient to support court's finding that plaintiffs had established title to land.

4. Trespass· to try title ⊝⇒4I(I)—In trespass to try title, conveyance of land may be shown by circumstances.

In trespass to try title, conveyance of land from owner may be shown by circumstances.

Appeal from District Court, Rusk County; R. T. Brown, Judge.

Ejectment by J. M. Harrington and others against Robert S. Jimerson and others, all of whom disclaimed, except Arthur Jimerson and J. T. Jimerson. From a judgment for plaintiffs, the last-named defendants appeal. Reversed and remanded.

John R. Arnold, of Henderson, for appellants.

J. W. McDavid, of Henderson, for appellees.

HODGES, J. The appellees brought this suit against Robert S. Jimerson, Levie Griggsby, and her husband, J. W. Griggsby, Ida Griggsby and her husband, Tom Griggsby, Pearl Pepper and her husband, W. M. Pepper, Josie Jennings and her husband, Percy Jennings, and Icie Adams and her husband, Miller Adams, to recover possession of and partition several tracts of land situated in Rusk county, Tex. In some way Arthur Jimerson also appears to be a party defendant. All of the defendants except Arthur Jimerson and J. T. Jimerson disclaimed as to all of the land. The latter disclaimed as to all of the land except 205 acres described as a part of the B. W. Richardson survey. As to that they pleaded guilty and a title by limitation based upon adverse possession of more than 10 years. Arthur Jimerson being a person of unsound mind, a guardian ad, litem was appointed to represent him in the trial. In the trial, the contest was between the plaintiffs and the Jimersons over the title to the 205-acre tract. At the conclu-

sion of the evidence, the court entered a judgment in favor of the plaintiffs. The Jimersons appeal from that portion of the judgment awarding a recovery of the 205 acres.·

The court filed findings of fact and conclusions of law, of which the following is the substance of the material portions: In October, 1876, a judgment was entered in the probate court of Rusk county partitioning the estate of G. W. Trammell, deceased, a part of which consists of 205 acres situated in the Richardson survey, abstract 6, certificate 77, located in Rusk county, Tex. All of the plaintiffs in this suit except two, who were purchasers, claimed title as descendants of G. W. Trammell. The plaintiffs hold the record title to the land and have had notorious adverse possession of the same, paying the taxes thereon, since the year 1876; and the land was notoriously known all those years to the people living in that section of the country, including the defendants, as the Zacharie land. Frank Jimerson, now deceased, was the father of James T. Jimerson, the defendant, and owned a small tract of land west of and adjoining the 205 acres of the Richardson survey. Some time about 25 years prior to the filing of this suit· Frank Jimerson built a brush and wire fence on a part of the 205 acres, and used the same as a pasture for his cattle and for his neighbors' cattle. Sometimes that fence was up, and sometimes it was down. Frank Jimerson died about the year 1920. Before his death he orally assigned to his son, James T. Jimerson, whatever interest or right he might have in that land. Frank Jimerson had no deed to the land, had not paid taxes on it, neither had James T. Jimerson or any of the heirs of Frank Jimerson. Frank Jimerson during his lifetime cleared a few acres of the land and cultivated it a part of the time; and ·after his death his son, James T. Jimerson, fenced up the remainder of the 205 acres, without any deed or record title of any character. Both Frank Jimerson and his son, James T. Jimerson, knew that the land belonged to the Zacharies by inheritance from the Trammell estate. Under the evidence, the possession and claim of Frank Jimerson, or that of James T. Jimerson, was not commenced with and did not continue under a claim of right inconsistent with and hostile to the claim of the heirs of the Zacharie estate. The court concluded, as a matter of law, that the plea of limitation was not supported by the evidence, and awarded title and possession to the plaintiffs in the suit.

Appellants attack the adverse findings of the court upon the ground that they are not supported by the evidence. They contend that the facts do not show a grant of the land from the state, or that G. W. Trammel, under whom the appellees claim, ever acquired any title to this particular tract of land.

---

The only written evidence of title in G. W. Trammell, shown by the record, was the partition decree entered in the probate court of Rusk county, in 1876. The material portions of that decree are as follows:

"Estate of George W. Trammell.—The administrators of said estate, Thomas J. Trammell, and Mark Stroud present the report of the commissioners for partition of the land of said estate herein described."

Then follow the names of the different parties interested in the estate to be divided. Continuing, it says:

"And after hearing the evidence and examining said report of partition, it is considered by the court that said report of partition be received and is in all things approved and confirmed; that all the right, title, and interest of said estate to the following tracts of land, to wit:"

Then follow detailed descriptions of several tracts of land not involved in this controversy, and the names of parties to whom awarded. Continuing, it says:

"Also 205 acres of land sold to George W. Trammell by Wm. J. Richards, about 14 miles northeast from the town of Henderson, it being the east part of the B. W. Richardson pre-emption adjoining the lands of T. J. Trammell and others, be divested out of the said estate and vested in Emma Zacharie, Anne Zacharie, James Zacharie, Allen Zacharie, and Lula Zacharie, heirs of Alfred B. and Mary Zacharie."

Then follow other portions of the report, not material to notice.

The plaintiffs also offered in evidence a number of tax receipts and a redemption certificate showing the payment of taxes, from 1896 down to and including 1924, on 205 acres of land situated in the B. W. Richardson survey. By appropriate testimony the appellees have connected themselves with Mary Zacharie, who was the ancestor of some of the heirs to whom the 205 acres had been awarded in the partition decree. The facts show that the heirs of the Trammells were nonresidents of the state, and there is no evidence that they ever had actual possession, or used or occupied, through tenants or otherwise, the land in controversy. The only evidence of a grant from the state is the circumstance consisting of the abstract No. 6, certificate 77, and the naming of B. W. Richardson as original grantee in the tax receipts and redemption certificate. Why written evidence from the land office or the deed records of Rusk county was not available does not appear in the testimony. Counsel for appellees says in his brief that the courthouse of Rusk county was burned and the deed records were destroyed, several years ago, but that fact does not appear in the evidence.

[1-3] It is elementary that, in suits of this character, the plaintiff must recover upon the strength of his own title, and not upon the weakness of the title of his adversary. When confronted with a plea of not guilty, the plaintiff must deraign title from the sovereignty of the soil or from a common source. In this case, neither of those essentials appears in the evidence. There is nothing to show how the ancestor, G. W. Trammell, acquired his title except the bare recital in the partition decree describing the land as that purchased by him from Richards. But assuming that this does show a purchase from Richards, there is no evidence to connect Richards with the original grantee. Nor does the testimony identify the particular land involved in this suit with that mentioned in the partition decree. It is there loosely described as "the east part of the B. W. Richardson pre-emption adjoining the lands of T. J. Trammell and others." Whether or not this land is situated in that portion of the Richardson survey does not appear. But, assuming that the land is sufficiently identified to find that it is a part of the land originally divided among the heirs to the Trammell estate, we think the evidence is wholly insufficient to support the finding by the court that the plaintiffs had established a title to the land.

[4] It is true that a conveyance of land from the owner may be shown by circumstances, but the circumstances disclosed by the record in this case are not sufficient to meet the legal requirements, in view of the fact that there is nothing to show why better evidence of title was not offered.

For the reasons stated, the judgment of the trial court will be reversed and the cause remanded for a new trial.