## COLEMAN v. LITTLES.

### No. 14977.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 22, 1948.

Currie McCuthcheon and Geo. W. Allison, both of Dallas, for appellant.

Tom Chapman and C. W. Goerte, both of Fort Worth, for appellee.

HALL, Justice.

Appellee, M. C. Littles, instituted this suit in trespass to try title against appellant, Elizabeth Coleman, in a District Court of Tarrant County, Texas, for title to and possession of all that certain tract or parcel of land known and described as the east 10 ft. off of Lot No. 19 and the west 30 ft. off of Lot No. 18, all in Block No. 30, Union Depot Addition to the City of Fort Worth in Tarrant County, Texas, same being 40 by 100 ft. in size fronting on Edwards Street.

Appellee further plead the five, ten and twenty-five year statutes of limitation, laches and stale demand, and prayed for special and general relief.

Appellant answered by a plea of not guilty.

The case was tried before the court without a jury, who rendered judgment for appellee on the 4th day of May, 1948; hence this appeal by appellant, predicated upon an assignment that the court erred in failing to render judgment for appellant where appellee was confronted with a plea of not guilty and failed to deraign title from the sovereignty of the soil and/or from a common source.

Appellee (plaintiff in the suit) introduced the following evidence:

1. Certified copy of a divorce decree granted between him and appellant on January 23, 1920.

2. Certified copy of Deed from W. J. Smith and wife, Julia Smith, to him, dated December 3, 1924, covering the property involved herein.

3. A correction deed from the same parties to him, dated May 14, 1925.

To this testimony appellant duly objected to its introduction for the reason the proper predicate had not been laid for its introduction. The same was overruled by the court and both parties rested.

■ 41 Tex.Jur. 508, sec. 40, recites the following:

"Being confronted with a plea of not guilty, the plaintiff must deraign title from the sovereignty of the soil or from a common source. If no common source of title has been agreed upon or shown, the burden rests upon the plaintiff to deraign his title from and under the sovereignty. If he has shown neither common source nor title from the State, he is not entitled to recover."

Rule 798, Texas Rules of Civil Procedure, reads in part as follows: "It shall not be necessary for the plaintiff to deraign title beyond a common source."

■ In this case the record reveals that appellee, the plaintiff, being confronted with a plea of not guilty did not introduce in evidence the deraignment of title from the sovereignty and did not introduce title from a common source by agreement, neither did he prove sufficient facts to support a recovery on proof of a common source as set out in 41 Tex.Jur. pages 511 through 530. See Krasa et al. v. Derrico et al., Tex.Civ.App., 193 S.W.2d 891; Jackson et al. v. Cato, Tex.Civ.App., 156 S.W. 2d 302, writ refused, W.M.; and Jimerson et al. v. Harrington et al., Tex.Civ.App., 292 S.W. 912.

Under such incomplete record the court erred in rendering judgment for appellee and under the conditions of the record appellant is correct in her assignment to the extent that judgment should have been rendered in her favor, but the question presents itself before us to determine, at this time, whether the case should be reversed and remanded or reversed and rendered.

Appellant insists that since there was no alternative for the trial court to proceed except to render judgment for her, and the further fact that as soon as the court rendered judgment for appellee, the appellant gave notice of appeal, appellee then filed a motion for new trial on the ground that he, the plaintiff, in whose favor the judgment had been rendered, had failed to comply with Article 3726, Vernon's Ann. Civ.St., requiring an affidavit to be made setting out that the originals of the instruments, of which certified copies had been filed among the papers in the case, had been lost; whereupon the court indicated he would grant appellee's motion for new trial in order to allow him to correct his mistake. Appellant then and there withdrew her objections to the introduction of appellee's exhibits. The court then overruled appellee's motion for new trial and appellant again excepted and gave notice of appeal. Appellant contends that such action has given appellee ample opportunity to prove up his case and having failed to do so appellant is entitled to have the case rendered. We will discuss this contention more fully.

There is no doubt but that appellee tried this case without due preparation, yet we find the facts were not fully developed.

■ In the case of Associated Oil Co. et al. v. Hart et al., Tex.Com.App., 277 S. W. 1043, 1045, it was held that "it is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction." See also Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178.

In the case of London Terrace, Inc., v. McAlister, 142 Tex. 608, 180 S.W.2d 619, 620, it was held that our appellate courts exercise a generous discretion in remanding cases after reversal and part of Rule 434 "to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be

**680**

assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial" means the same as a portion of Rule 505 which prescribes that the Supreme Court shall "either affirm the judgment, or reverse and render such judgment as the Court of Civil Appeals should have rendered, or reverse the judgment and remand the case to the lower court, if it shall appear that the justice of the case demands another trial". In said case the Supreme Court reversed and rendered; however, it points out that a case should be remanded when the evidence has not been fully developed or when it seems probable that the ends of justice will be better subserved thereby.

In the case at bar appellee introduced deeds executed to him for a substantial consideration. 'Apparently the facts in the case have not been fully developed, and we find that justice would be better subserved by reversing and remanding this case for a new trial rather than reversing and rendering, and it is so ordered.