W. L. McMINN, Appellant,

v.

Carl BROHLIN et al., Appellees.

No. 6962.

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1960.

Rehearing Denied June 6, 1960.

Neal & Brown, Amarillo, for appellant.

R. L. Templeton, Amarillo, for appellees.

NORTHCUTT, Justice.

Carl Brohlin and Paul Brohlin, individually, and as executors of the estate of Frida Brohlin, filed suit in the 108th District Court of Potter County, Texas, against W. L. McMinn in trespass to try title seeking the title and possession of the south (6) feet of Lot No. 10 in Block No. 183 of the Glidden and Sanborn Addition to the City of Amarillo, Potter County, Texas. Plaintiffs sought title and possession of said property under the ten-year Statute of Limitation. The defendant filed a plea of not guilty. The case was tried to the court without a jury and after hearing the evidence the trial court entered judgment decreeing that Carl Brohlin and Paul Brohlin recover of the defendant, W. L. McMinn, the title and possession of the south (6) feet of said Lot No. 10. From that judgment W. L. McMinn perfected this appeal.

Appellees seek to recover the south (6) feet of Lot No. 10 by virtue of it being enclosed by a certain fence and having had peaceful and adverse possession of the lands and tenements cultivating, using and enjoying the same for more than ten years before filing this suit. By appellant's first assignment of error it is contended the trial court erred in basing its decision on incompetent testimony. By appellant's sixth assignment of error it is shown appellees failed to deraign title from a common source to the land in controversy. Since we are of the opinion these two points will determine the issues of this case, we will not discuss appellant's other assignments of error.

Appellees made a drawing and introduced it in evidence and had the same marked as Exhibit 1. In introducing this exhibit the appellee, Carl Brohlin, was asked these questions and gave the following answers:

"Q. That is a reasonable representation of what that property looked like in 1939; is that right? A. Yes.

"Q. That is Lot 9, the one that we are talking about, the one you first bought? A. Yes."

This exhibit shows the fence to be on the north line of Lot 9 and not on Lot 10. Then at page 11 of the statement of facts Mr. Brohlin testified concerning the location of the fence as shown by the Exhibit as follows: "On the north side of Lot 9, the fence is, on the north side of Lot 9." Seeing the effect of this answer Mr. Brohlin was then asked: "Is it on Lot 9 or is it on Lot 10, the fence?" His answer was: "The fence, *they say*, is on Lot 10." (Emphasis ours.) Then Brohlin was asked: "In other words there is a strip of 6 feet in width that is inside your fence that belongs to Lot 10; that right?" Answer: "Yes." This is all the testimony locating the fence on Lot 10. We think this is purely hearsay testimony and is of no force and effect and no showing as to the fence being constructed on Lot 10.

It is stated by the Supreme Court in the case of Permain Oil Company v. Smith et al., 129 Tex. 413, 107 S.W.2d 564, 570, 111 A.L.R. 1152 that: "In this state a petition limited to the statutory form of trespass to try title always puts in issue

both title and possession." Appellees herein sought both title and possession from the appellant. There is not any showing that the appellant now or at any time was ever in possession or ever owned or claimed Lot 10 or any part thereof. We are unable to see how the trial court could order that the appellees recover of appellant the title to the property in question where there is no showing that appellant ever had or claimed any title to the property. Under the Rules of Civil Procedure concerning the procedure to be taken in trespass to try title cases, Rule 798 states: "It shall not be necessary for the plaintiff to deraign title beyond a common source." We cannot interpret this rule to mean anything other than if plaintiff does not have to deraign title beyond a common source, he must prove at least a common source. Since appellees did not prove a common source and did not even prove appellant had or claimed any title or claim to the property in question, we must reverse the judgment of the trial court. We sustain appellant's first and sixth assignments of error.

It is stated in the case of Coleman v. Littles, Tex.Civ.App., 214 S.W.2d 678, 679, as follows:

"In this case the record reveals that appellee, the plaintiff, being confronted with a plea of not guilty did not introduce in evidence the deraignment of title from the sovereignty and did not introduce title from a common source by agreement, neither did he prove sufficient facts to support a recovery on proof of a common source as set out in 41 Tex.Jur., pages 511 through 530. See Krasa et al. v. Derrico et al., Tex, Civ.App., 193 S.W.2d 891; Jackson et al. v. Cato, Tex.Civ.App., 156 S.W.2d 302, writ refused, W. M.; and Jimerson et al. v. Harrington et al., Tex. Civ.App., 292 S.W. 912.

"Under such incomplete record the court erred in rendering judgment for appellee and under the conditions of the record appellant is correct in her

assignment to the extent that judgment should have been rendered in her favor, but the question presents itself before us to determine, at this time, whether the case should be reversed and remanded or reversed and rendered."

We are in the same position that the court was in the Coleman v. Littles case, supra, since we believe that it is necessary that some matters of fact be ascertained as set out in Rule 434 of Texas Rules of Civil Procedure, we reverse and remand this case for a new trial rather than reversing and rendering, and it is so ordered.