CARL BROHLIN ET AL v. W. M. McMINN.

No. A-7947. Decided December 14, 1960.
(341 S.W. 2d Series 420)

*R. L. Templeton,* of Amarillo, for petitioners.

*A. Curtis Neal,* of Amarillo, for respondent.

MR. JUSTICE HAMILTON delivered the opinion of the Court.

This was a suit in trespass to try title in the 108th District Court of Potter County, Texas, brought by Carl Brohlin and Paul Brohlin, individually, and as executors of the estate of Frida Brohlin, against W. L. McMinn, seeking title and possession by virtue of adverse possession under the ten-year statute of limitations, Art. 5510, V.A.C.S., of the premises described and bounded as follows:

"The South six (6) feet of Lot No. 10, in Block No. 183, of

the Glidden and Sanborn addition to the City of Amarillo, Potter County, Texas, as shown by the map or plat of said addition in the deed records of Potter County, Texas."

The case was tried to the court without a jury and after hearing the evidence, the trial court entered judgment decreeing that plaintiffs recover of defendant the title and possession of the south six (6) feet of Lot No. 10 as prayed for in their petition. All evidence submitted in the trial court was introduced by plaintiff, and defendant having relied solely upon his plea of not guilty to defeat plaintiffs' claim.

At the conclusion of the trial and in response to the request of defendant, findings of fact and conclusion of law were filed by the trial court as follows:

## "FINDINGS OF FACT

"1.   I find as a fact that the Plaintiffs and their predecessors have had continuous possession of the property awarded to Plaintiff for a period of more than ten years preceding the filing of this suit. In fact, the Plaintiffs and heir predecessors have enjoyed such possession since 1924, continuously to the present time.

"2.   I find as a fact that the Plaintiffs and their predecessors have cultivated, used and had the enjoyment of the property awarded to Plaintiffs since 1924, to the present time continuously.

"3.   I find as a fact that the Plaintiffs and their predecessors have held the property awarded to the Plaintiffs under an adverse and hostile claim since 1924, continuously to the present time.

"4.   I find as a fact that Plaintiffs and their predecessors have had exclusive dominion over the property awarded to Plaintiff and have appropriated it to their own use since 1924, continuously to the present time.

"5.   I find as a fact that there is a privity of possession between the Plaintiffs and all their predecessors in the property awarded to the Plaintiff, by the judgment rendered in this suit.

## "CONCLUSION OF LAW

"1.   I find that the Plaintiffs have matured limitation title

under the ten year Statute, Article 5510 R.C.S., and therefore are entitled to title and possession of the property awarded to Plaintiffs."

Appeal from this judgment was perfected by the defendant, and the Court of Civil Appeals, (336 S.W. 2d 793), reversed and remanded the case on the grounds that there was no showing in the record that defendant was ever in possession of or ever claimed title to Lot 10, or any part thereof; that plaintiffs had failed to prove that their title was deraigned from a common source, as required by Rule 798, T.R.C.P., and that the judgment of the trial court with respect to the location of the fence was based on incompetent testimony( hearsay). These grounds will be discussed in the order enumerated.

The record in this case reveals that the defendant, W. L. McMinn, entered a plea of "not guilty" to the merits of plaintiffs' case. In an action in trespass to try title, the answer of the defendant to the merits of the case by a plea of not guilty relieves the plaintiffs of the necessity of proving a trespass, since the plea constitutes an admission by the defendant for the purpose of the action that he was in possession of or claimed title to the premises sued for by the plaintiffs. Southern Pine Lumber Co. v. Whiteman, 163 S.W. 2d 212, (error refused) ; Rule 790, T.R.C.P. (source Art. 7374, V.A.C.S., unchanged)

In support of the position that a plaintiff in a trespass to try title suit is required by Rule 798, T.R.C.P., to prove at least a common source of title, the Court of Civil Appeals has cited the case of Coleman v. Littles, 214 S.W. 2d 678, no writ, and other authorities contained therein, including 41 Texas Jur., p. 511, through 530. On this point, we believe that the Court of Civil Appeals has misconstrued the nature of plaintiffs' suit. Coleman v. Littles, supra, and the authorities cited therein involved a situation where plaintiff was relying upon a common source of title to sustain his claim. Rule 798, T.R.C.P., is likewise applicable to a claim predicated upon a common source of title. The plaintiffs in the instant case, however, did not bring their action relying upon a chain of conveyances from a grantor, under whom the plaintiffs claim, down to the defendant. Plaintiffs have brought suit as adverse claimants under the ten-year statute of limitation, Art. 5510, V.A.C.S., and have specifically pleaded all of the elements required for maturing title, including the possession, exclusive dominion and the use and enjoyment of the property in question for more than a ten-year period under an adverse or hostile claim. Title by limitation is separ-

ate and distinct from title acquired by conveyance and requires no proof of common source.

■ As indicated by the ten-year statute, it is the policy of this state to give effect to an adverse holding, even by a naked possessor, when the adverse holding measures up to the statutory requirements so that title by limitation may be acquired by one who has neither title, color of title, nor muniment of title duly registered. The claimant is required only to have had the exclusive, peaceful and adverse possession of the land under a claim of right for not less than ten years. 2 Texas Jur. 24, Sec. 116, at p. 227. When the statutory requirements are complied with, title is vested in the adverse claimant as completely as by a deed or patent, and the title that is created constitutes a chain of title from the sovereignty of the soil. Burton's Heirs v. Carroll, 96 Texas 320, 72 S.W. 581.

While introducing plaintiffs' Exhibit 1, which was a rough map of Lot 9 and the property in question, the witness Carl Brohlin, in answer to the question, "Is it on Lot 9 or is it on Lot 10, the fence?", stated, "The fence, *they say*, is on Lot 10." (Emphasis supplied.) Immediately following, Brohlin was asked: "In other words, there is a strip of 6 feet in width that is inside your fence that belongs to Lot 10; that right?" And Brohlin answered "Yes." The Court of Civil Appeals concludes from the expression "they say" that the testimony given by Carl Brohlin with regard to the location of the fence could not have been based upon personal knowledge, and is therefore hearsay and without probative value. The court further states there is no other evidence in the record locating the fence on Lot 10. For the reasons to be stated, we are not in accord with this view.

■ The record as a whole discloses that Carl Brohlin, the witness, was reared on the property indicated in this suit as Lot No. 9, and that he was in a position to have had personal knowledge of the location of the property and the fence. Other than the statement "they say," there is nothing in the record to indicate that his testimony was not based upon personal knowledge. No objection was made by defendant during trial as to such remark. The mere fact that the witness used the colloquial expression "they say" does not destroy the probative value of his testimony. In any event, we do not believe that this single phrase precludes probative weight being given to the witness' subsequent answer which is unequivocal in nature and which

accurately· identifies the location of the fence and the extent of the property which it encloses.

In response to plaintiffs' request for admissions, the defendant answered as follows:

"The defendant says that there is a fence located on the South six (6) feet of Lot 10, Block 183, of the Glidden and Sanborn Addition to the City of Amarillo, Potter County, Texas."

The exhibits and testimony show there was a fence between the improvements on Lots 9 and 10, and the evidence discloses only one fence. The uncontroverted evidence further showed that the fence had been in the same place for 24 years. Defendant's response to plaintiffs' request for admissions admits there is a fence on the South six (6) feet of Lot 10, Block 183, and the uncontroverted testimony of Carl Brohlin unequivocally states that the fence in question enclosed the entire strip, six (6) feet in width, along with Lot 9.

Considered together, we believe these factors constitute evidence of probative force which locates the fence on Lot 10 six feet north of the south line of said lot. For the reasons given in this opinion, the judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered December 14, 1960.