COLLEGE OF the GUADALUPE BAPTIST ASSOCIATION et al., Appellants,

v.

A. W. SAEGERT and Texas Hydro-Electric Corporation, Appellees.

No. 11086.

Court of Civil Appeals of Texas.

Austin.

May 22, 1963.

Rehearing Denied June 13, 1963.

W. J. Durham, Fred J. Finch, Jr., Dallas, for appellants.

Threlkeld, Saegert & Saegert, Seguin, Carl Wright Johnson, San Antonio, for appellees.

ARCHER, Chief Justice.

Appellants C. V. Everage, R. L. Sadberry, G. C. Coleman, C. W. Black and S. E. Stewart, as Trustees of the College of Guadalupe Baptist Association, unincorporated, Guadalupe College, unincorporated, Guadalupe Baptist Association an unincorporated religious association composed of Baptist Churches and as class representatives of the beneficial owners of the College of the Guadalupe Baptist Association, incorporated, a Texas corporation now dissolved, as plaintiffs sued appellees, A. W. Saegert and Texas Hydro-Electric Corporation, in the District Court of Guadalupe County, Texas, to recover the title and possession of and to remove the cloud from the title to 41.5 acres of land situated on the east bank of the Lake Placid portion of the Guadalupe River in Guadalupe County.

It was alleged that A. W. Saegert was holding possession of the land under a deed duly recorded purporting to convey the fee simple title to him, but that the grantor of such deed had no such title, and that the fee simple title was in the plaintiffs.

The defendant A. W. Saegert pleaded "not guilty," the ten year statute of limitation, and estoppel.

Trial to a jury on special issues resulted in a verdict in favor of appellees (defendants) on all issues, and the Court on the jury verdict and the evidence rendered judgment that the appellants (plaintiffs) take nothing by reason of their suit and in favor of A. W. Saegert on his plea for affirmative relief.

This appeal is predicated on 25 points assigned as error, and are to the effect that the Court erred in not withdrawing the case from the jury and rendering judgment for appellants, because Saegert had never lived on the land and the land was never completely fenced; in admitting appellees' second trial amendment; because the instrument from Texas Hydro-Electric Corporation was not such notice as the law requires that appellees were claiming adversely; in refusing to define "easement" in the charge; in not disregarding the answer of the jury to Issue No. 4; in holding that the evidence was sufficient to mature title in appellee Saegert under the ten year Statute of Limitations; in not submitting appellants' requested Issue No. 1, inquiring if the plaintiffs held common possession with Saegert; in not submitting requested issues inquiring of Saegert notified appellants that he was claiming the land adversely; in not submitting Issue No. 7, inquiring if the asserted adverse possession to the land was of such notoriety that appellants would be presumed to have notice

of such adverse possession; in not submitting requested Issue No. 8, inquiring if Saegert commenced to assert adverse possession as was of such notoriety that the college would be presumed to have notice of such adverse claim; that the Court erred in not submitting Issue No. 9 inquiring if Saegert asserted adverse possession against Guadalupe Baptist Association Unincorporated was of such nature that the officers and trustees would be presumed to have notice of such; that the Court erred in not submitting requested Issue No. 11, inquiring if Saegert went into possession of the property involved under a written agreement, designated as lease from the President of the college; in not giving a portion of appellants' requested instruction to the effect that any sort of common use by the parties is not adverse; the error of the Court in not rendering judgment for appellants, because as a matter of law, the instrument from the Texas Hydro-Electric Corporation to Saegert could only be used as an easement, and that as a matter of law the corporation had no authority to convey the land to be used for other purposes; that the Court erred in rendering judgment for appellees because the land was not completely enclosed and the Guadalupe River ran several feet west of the boundary line; that the Court erred in admitting the testimony of A. W. Saegert as to his transactions and conversations with Brice Taylor, President of the college, over objections because Taylor was not shown to have any authority to act for the college. Saegert testified that he took a lease from Dr. Prince and Taylor in 1940 and paid $75.00 for the first year; that the Court erred in not sustaining appellants' Motion for Judgment Non Obstante Veredicto, because there was no legal evidence to support the findings of the jury and no evidence to support appellees' claim for title by limitation, and finally, the appellees being strangers to the deed from Brackenridge to appellants, could not acquire any interest, and the Court erred in not sustaining the plea in abatement, and the claim asserted by appellees

was based on conditions subsequent, and there was no evidence that Brackenridge ever made a re-entry upon the land.

This suit was originally filed in 1960 in the name of the "College of Guadalupe Association," a former Texas corporation, which had expired by the term of its life.

Saegert filed a plea in abatement challenging the right of such defunct corporation to maintain the suit and in May, 1961 a first amended petition was filed naming other plaintiffs, and Saegert filed a plea in abatement. After this petition was filed and after a hearing, appellants were given leave to amend, and a second amended original petition was filed on September 10, 1962, and a trial amendment was filed on September 11, 1962, pleading title by limitations.

The Charter was issued to "The College of the Guadalupe Baptist Association" on May 28, 1888 and expired by its terms in 1938 and was not renewed.

The land involved herein is a part of a 216 acre tract conveyed in 1908 to the Guadalupe College a corporation, by George W. Brackenridge "until it conveys or encumbers the same in any way."

In 1932 the 41.5 acre tract of land was condemned by Texas Hydro-Electric Company in a proceeding for that purpose in the County Court of Guadalupe County and the College of the Guadalupe Baptist Association was awarded $4,140.00 as damages for the overflowing and impounding of water.

On September 7, 1940 the Texas Hydro-Electric Corporation sold the 41.5 acre tract with other land to A. W. Saegert, retaining the right to maintain, etc. transmission and telephone lines, etc., and the right to inundate all or any part of the land and retained any and all minerals for 25 years.

The position of appellees is that the findings of the jury and the judgment of the Trial Court are amply supported by the evidence and that the Court did not err in

refusing to give appellants en masse requested special issues and instructions; that Saegert told the authorized representative of the college that he intended to purchase the property; that he was told that the corporation had no title to the property; that he agreed to boundary lines between the corporation's property and the land being purchased by Saegert; that the testimony of Taylor, et al. was admissible as to the lease and that appellants were not prejudiced by the filing of appellees' Second Trial Amendment.

The case was submitted to the jury on eight special issues, as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the defendant, A. W. Saegert, had included within the boundaries of an enclosure consisting of fences and other artificial and natural boundaries the land described as Tract No. 1 consisting of 30.1 acres described by metes and bounds in Defendant's Exhibit No. 2 for a continuous period of or periods of ten years or longer prior to January 15, 1960?

"Answer 'yes' or 'no'.

"We, the jury answer: yes

"Special Issue No. 1-A: Do you find from a preponderance of the evidence that the defendant, A. W. Saegert, has had and held peaceful and adverse possession of the land described as Tract No. 1 consisting of 30.1 acres described by metes and bounds in defendant's Exhibit No. 2, cultivating, using and enjoying the same for any continuous period or periods of ten years or longer prior to January 15, 1960?

"Answer 'yes' or 'no'.

"We, the jury answer: yes

"To aid you and govern you in your answer to the foregoing Special Issue No. 1-A, I give you the following instructions:

"1. By the term 'peaceable possession,' as that expression is here used, is meant such possession as is continuous and not interrupted by adverse suit to recover the land, or by re-entry upon the land by the true owner, or by re-entry upon the land by the true owner and thereafter joint use by the claimant and the true owner of the land.

"2. By the term 'adverse possession,' is meant an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claims of all other persons whomsoever. You are further instructed that common use by the adverse claimant and the record title owner of the fee simple title, or his claimants, is not adverse possession as that term is used in this charge.

"3. The 'claim of right' to which the statute refers simply means that the entry of the limitation claimant must be with the intent to claim the land as his own, to hold it for himself; and such must continue to be the nature of his possession.

"4. Peaceable and adverse possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them.

"5. You are further instructed that the possession of the adverse claimant must be exclusive in himself, but the use of the land by others with his permission would not destroy the exclusive character of his possession. On the other hand, the use of the land by the adverse claimant by the permission of the owner is not adverse to such owner. "Special Issue No. 2: Do you find from a preponderance of the evidence that the 5.7 acres of land described by metes and bounds as Tract No. 3 in de-

fendant's Exhibit No. 2 is the strip of land referred to in the instrument dated September 13, 1940, over which the defendant, A. W. Saegert, purported to grant to the College of the Guadalupe Baptist Association an easement subject to a 40 foot roadway reserved to the said A. W. Saegert?

"Answer 'yes' or 'no'.

"We, the jury answer: yes

"Special Issue No. 3: Do you find from a preponderance of the evidence that the 5.7 acre tract of land referred to in Special Issue No. 2 is a part of the land described in the deed from the Texas Hydro-Electric Corporation to A. W. Saegert dated the 7th day of September, 1940?

"Answer 'yes' or 'no'.

"We, the jury answer: yes
"Special Issue No. 4: Do you find from a preponderance of the evidence that the defendant, A. W. Saegert has claimed the 5.7 acre tract of land under his aforesaid deed subject to the purported easement granted to the College of the Guadalupe Baptist Association for any continuous period or periods of years or longer inquired about in question No. 1?

"Answer 'yes' or 'no'.

"We, the jury answer: yes

"Special Issue No. 5: Do you find from a preponderance of the evidence that the plaintiffs or those under whom they claim represented to the defendant, A. W. Saegert, that they were not claiming title to the land described in plaintiffs' amended petition, prior to or at the time of the completion of the purchase of the land described in the deed to A. W. Saegert from the Texas Hydro-Electric Corporation, by A. W. Saegert?

"Answer 'yes' or 'no'.

"We, the jury answer: yes
"Special Issue No. 6: Do you find from a preponderance of the evidence that A. W. Saegert, relied on such representations, if any, inquired about in the preceding issue, in the consummation of the purchase from Texas Hydro-Electric Corporation aforesaid?

"Answer 'yes' or 'no'.

"We, the jury answer: yes

"Special Issue No. 7: Do you find from a preponderance of the evidence that A. W. Saegert expended money in improving the land described as Tract No. 1 of Defendant's Exhibit No. 2 as 30.1 acres in reliance upon such representations, if any, inquired about in Issue No. 5?

"Answer 'yes' or 'no'.

"We, the jury answer: yes

"Special Issue No. 8: Do you find from a preponderance of the evidence that plaintiffs or those under whom they claim accepted the benefits, if any, of the lease and easement over the 5.7 acres of land described in Defendant's Exhibit No. 2 as Tract No. 3?

"Answer 'yes' or 'no'.

"We, the jury answer: yes"

Based on the verdict of the jury the Court entered a judgment that the plaintiffs take nothing and that Saegert was awarded title and possession of the property.

We believe that the verdict of the jury is reasonably supported by the record and that the judgment rendered was proper.

The record in this case is extensive, the statement of facts contains approximately 850 pages, together with many exhibits, and it has been impossible to review all of the record but we have given careful consideration to such. The case has been well briefed and at length and our task has been made easier.

On September 13, 1940 the college leased 80 acres to Saegert for a period of 3 years and as part of the consideration Saegert granted the college an easement across a portion of the land in controversy consisting of 5.7 acres on the north end thereof, reserving a right of way 40 feet wide to the highway.

The jury found that 30.1 acres of the land had been continuously enclosed by the appellees and they had been using and occupying the same for more than 10 years prior to the filing of any suit by anyone.

There was evidence to show that Saegert rebuilt and replaced the fences, that he grubbed the land, bulldozed the brush, planted grasses, pecan trees and had other pecan trees grafted, dredged the lagoon and filled in the land and dug wells, all at a considerable cost. Cattle were kept on the place and it was held peaceful, continuous and with adverse possession, without question as to his right of possession, until about 1956.

Saegert testified that he had been in exclusive possession of the property, using, occupying, enjoying and claiming it adversely to everyone since the spring of 1940, and his testimony was corroborated by 16 other witnesses whose testimony we do not attempt to recite but was that the land had been enclosed and used for more than 10 years.

There was testimony by a number of witnesses that Saegert did not have continuous possession of the property, or that the property had been enclosed completely by fences.

J. A. Kemple testified that the fence on the east side of the land was not too good and that the college was in joint possession with Saegert. C. C. Brown, also a witness for the plaintiffs, testified that the fences were not in good shape. E. L. Roberts testified that the fence wasn't a good fence, but would turn cattle. R. A. Hicks, a former caretaker of the college, testified that at times a gap was down and cattle

would go through, but except for the gap the enclosure was complete.

Appellees further take the position that appellants failed to prove their title, and cite a number of cases such as French v. Olive, 67 Tex. 400, 3 S.W. 568 and Prince v. Sanders, Tex.Civ.App., 298 S.W.2d 650, writ dism.

■ We believe that appellees have by the evidence proven a title by limitation. 2 Tex.Jur.2d, Adverse Possession, Sec. 68, at pages 142–143. Ross v. Houston Oil Fields Ass'n, Tex.Civ.App., 88 S.W.2d 586, er. dism. Brohlin v. McMinn, 161 Tex. 319, 341 S.W.2d 420.

Since we believe that appellants established title by limitation by evidence in compliance with statutory requirement, we do not see any need to discuss or dispose of the question of estoppel, even in view of the answers of the jury in response to Special Issues Nos. 5, 6, 7 and 8, favorable to Saegert.

The Court did not err in refusing to give appellants' requested issues, Point 4 failing to define the word easement, Points Nos. 8 and 9 as to common possession, and Points Nos. 10 to 18 inclusive as to issues concerning whether Saegert gave actual notice to the college that he was claiming the land adversely, the date he gave such notice, whether Saegert actually notified the Association, after September 7, 1940 that he was claiming the land adversely, the date of such notice, whether Saegert's assertion of adverse possession was of such "unequivocal" notice to the officers, the date thereof, whether such assertion was such that the Association would be presumed to have notice of it, and the date thereof; Point No. 18 as to whether Saegert went into possession under a lease from the President of the college and failure to instruct the jury that any sort of common use by Saegert and the college is not adverse and that there was no evidence that Saegert went into possession of the land under the lease referred to, such lease only let an 80 acre tract not

here involved. The 41.50 acre tract was never leased by the college to Saegert.

 The manner in which the requested issues were submitted, while not in strict compliance with the rules, we have nevertheless considered them and do not find any reversible error presented. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786; Texas General Indemnity Company v. McNeill, Tex.Civ.App., 261 S.W.2d 378, no writ history.

The judgment of the Trial Court is affirmed.

Affirmed.