**Elsie R. COX et al., Appellants,**

**v.**

**Elizabeth Clifton ELERSON et al., Appellees.**

**No. 7885.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 4, 1968.

Rehearing Denied Dec. 2, 1968.

pro forma by her husband, J. C. Elerson, individually and as independent executrix of the estate of her deceased husband, Tom Clifton, hereinafter referred to as appellees, complaining of Elsie R. Cox, individually and as trustee under the Last Will and Testament of O. O. Cox, deceased, Juanita Brillhart and Joe H. Cox, hereinafter referred to as appellants, to recover the surface only of the north 84.36 acres of Sec. 2, Block W. J., W. E. Jarrett Survey in Hartley County, Texas. Appellees pleaded the 10 and 25 year Statutes of Limitation. The appellants answered filing a general denial and a plea of not guilty.

The case was submitted to a jury upon four special issues. The issues and answers of the jury were as follows:

#### "SPECIAL ISSUE NO. 1"

"Do you find from a preponderance of the evidence that the plaintiff and those under whom she claims, either in person or through a tenant or tenants, or partly in person and partly through a tenant or tenants, has held peaceable and adverse possession, of the land in controversy, cultivating or using or enjoying the same for any period of ten consecutive years prior to July 21, 1966?

Answer: 'Yes' or 'No'.

ANSWER: YES

If you have answered Special Issue No. 1 'Yes' and in that event only, then you will answer Special Issue No. 2."

Lemon, Close & Atkinson, Perryton, Edward L. Atkinson, Perryton, of counsel, for appellants.

Richards & Ferguson, Davis & David, Dalhart, Floyd H. Richards and Homer A. Davis, Dalhart, of counsel, for appellees.

NORTHCUTT, Justice.

This is a trespass to try title action brought by Elizabeth Clifton Elerson, joined

#### "SPECIAL ISSUE NO. 2"

"Was the adverse possession and claim of the plaintiff, and those under whom she claims, if any you have found in answer to Special Issue No. 1, so open, notorious and unequivocal as to put a person of ordinary care and prudence in the same situation as the defendants, and under the facts and circumstances in this case, upon notice that the plaintiff, and those under whom she claims, were claim-

ing and asserting title to the tract of land in controversy?

Answer: 'Yes' or 'No'.

ANSWER: YES."

### "SPECIAL ISSUE NO. 3"

"Do you find from a preponderance of the evidence that the plaintiff and those under whom she claims, either in person or through a tenant or tenants, or partly in person and partly through a tenant or tenants, have held peaceable and adverse possession of the land in controversy, or any part thereof, for any period of 25 consecutive years prior to July 21, 1966, under a claim of right, in good faith, and under a deed or other instrument duly recorded in Hartly County, Texas, purporting to convey such lands?

Answer: 'Yes' or 'No'.

ANSWER: YES

If you have answered Special Issue No. 3 'Yes', and in that event only, then you will answer Special Issue No. 4."

### "SPECIAL ISSUE NO. 4"

"Do you find from a preponderance of the evidence that there was one or more years, during the 25 year period mentioned in the last foregoing Special Issue, and prior to July 21, 1966, when the *defendants* and those under whom they claim have not exercised dominion over the land here in controversy and during which the plaintiff and those under whom she claims openly exercised dominion over and asserted claim to said land, and paid taxes thereon?

Answer: 'Yes' or 'No'.

ANSWER: YES."

Judgment was entered granting Elizabeth Clifton Elerson, individually and as independent executrix of the estate of Tom Clifton, deceased, title and possession of the 84.36 acres. From that judgment appellants perfected this appeal.

The only issues submitted to the jury were the four issues above set out and no requests as to any additional issues were requested by either party. The two main issues here involved are whether the appellees properly proved the location on the ground of the north 84.36 acres out of Sec. 2, Block W. J., W. E. Jarrett Survey, Hartley County, Texas, as pleaded by appellees, and whether appellees properly pleaded and proved the elements of their adverse possession. It is stated in Gleckler v. Denton, et al., Tex.Civ.App., 149 S.W.2d 213 (writ dism'd, judgment correct) as follows:

"While appellant urges several propositions, in the last analysis, the controlling question presented is whether there was sufficient evidence before the court to sustain a limitation title to the strip in appellees. The elements essential to title by limitation are not only set out in the statutes, but have become so well settled in adjudicated cases that any extended discussion of them would be superfluous. See R.C.S. Arts. 5510, 5513, 5514, 5515; 2 Tex.Jur., §§ 3 and 4, pp. 11–14. The possession necessary to acquire such title must be open, adverse, peaceable, continuous for the required period of time, visible, hostile and exclusive."

■ Appellants objected to the court giving the issues inquiring as to "the land in controversy". It was stipulated that the fee simple title to the surface of Sec. 2, Block W. J., Hartley County, Texas, was conveyed to O. O. Cox by warranty deed dated May 21, 1945, which included the 84.36 acres and that the plaintiff, and her husband, Tom Clifton, deceased, acquired fee simple title to the surface of all of Survey Nos. 5 and 6 in Block A5, Public Free School Fund Lands, Hartley County, Texas, by warranty deed dated April 15, 1947. The north line of Sec. 2, Block W. J. and the south line of Secs. 5 and 6, Block A5 are a common boundary line as pleaded by appellees, and the 84.36 acre strip lies south of Secs. 5 and 6 and extends to the fence

which is the south line of the 84.36 acres. A plat of the section here involved was introduced into evidence by stipulation which shows the acres here involved. Cochran v. Kapner, 46 Tex.Civ.App. 342, 103 S.W. 469 (error dism'd); Francis v. Patterson, Tex.Civ.App., 143 S.W. 678 (n. w. h.).

It is undisputed that the fence here involved is located on Sec. 2, Block W. J. and there is evidence that it has continued in that same location for 30 years or more. The location of the fence has been known to appellants since 1945 and it was there before that time. Appellants have known ever since 1945 that appellees have had possession and used and enjoyed the acres here involved ever since 1947. Appellants never asserted any claim of ownership to the strip of land until a survey was made in 1965.

Appellants also stipulated that the record owner of the surface only of the real estate involved in this law suit was vested in appellants. Appellants further stipulated that they agreed with the stipulation insofar as the stipulation covered the actual strip that was in controversy, the location of the fence and those items, Exhibit I, that was stipulated, places the land in controversy as being north of the fence in question. Exhibits were introduced, and stipulated to, properly show the description of the property here involved. Appellants' stipulation states "the land in controversy", consequently, we overrule appellants' assignment of error complaining of the issues referring to the land in controversy.

Under the record here it is clearly shown, and in fact admitted by appellants, that the fence in question that is the south line of the 84.36 acres is in Sec. 2, Block W. J. The undisputed record shows that the north 84.-36 acres here involved is a strip of land extending across Sec. 2, Block W. J. bound on the south by the fence in question. It is further undisputed that all of the 84.36 acres is within the land fenced as the property of appellees. It is further undisputed

that appellees, and those under whom they held, had and held peaceful, continuous and adverse possession of the land here in question cultivating, using and enjoying the same for more than 10 and 25 years. Appellants had known all of this since 1945 and had never made any claim to any land north of the fence in question, but had considered the fence their north line ever since they purchased Sec. 2, Block W. J. in 1945.

■■ Rule 783(b), Texas Rules of Civil Procedure, states the petition shall state the description of the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession thereof may be delivered, and state the county or counties in which the same are situated. This was done in this case. The fact that the record title to Sec. 2, Block W. J. was in the appellants would not defeat a perfected adverse claim by the appellees. Niles v. Dean, Tex.Civ.App., 363 S.W.2d 317. The record here is undisputed that appellees have had the exclusive, peaceful and adverse possession of the land here in question under a claim of right for more than 10 years. It is stated in Brohlin et al. v. McMinn, 161 Tex. 319, 341 S.W.2d 420 at 422 as follows:

"As indicated by the ten-year statute, it is the policy of this state to give effect to an adverse holding, even by a naked possessor, when the adverse holding measures up to the statutory requirements so that title by limitation may be acquired by one who had neither title, color of title, nor muniment of title duly registered. The claimant is required only to have had the exclusive, peaceful and adverse possession of the land under a claim of right for not less than ten years. 2 Tex.Jur. 2d, Sec. 116 at p. 227. When the statutory requirements are complied with, title is vested in the adverse claimant as completely as by a deed or patent, and the title that is created constitutes a chain of title from the sovereignty of the soil. Burton's Heirs v. Carroll, 96 Tex. 320, 72 S.W. 581."

We have carefully considered all of the appellants' assignments of error and overrule all of them. The judgment of the trial court is affirmed.