**Frances Vaughan ADAMSON, Appellant,**

v.

**William "Bill" DOORNBOS and Richard E. Doornbos, Trustees of the C. Doornbos Trusts, Appellees.**

No. 8323.

Court of Civil Appeals of Texas, Beaumont.

July 12, 1979.

Rehearing Denied Aug. 16, 1979.

---

**446**

Tom Moore Featherston, Port Arthur, for appellant.

David E. Bernsen, George A. Weller, Beaumont, for appellees.

KEITH, Justice.

Plaintiff below appeals from a judgment granted in the bench trial of a trespass to try title suit to recover an undivided one-half interest in certain lots in Jefferson County, Texas. The court rendered judgment granting plaintiff an undivided one-half interest in and to nine and one-half lots and denied her recovery as to thirteen lots.[1] This appeal involves these thirteen lots only.

At trial plaintiff contended that her title to the thirteen lots in question and defendants' title emanated from a common source. First, she introduced into evidence her alleged chain of title. Edward Randall, et al., conveyed by quitclaim deed dated May 20, 1938, to W. A. Vaughan, his interest in several lots in Sabine Pass, including the lots in question. W. A. Vaughan died leaving a will in which he left all his property to his wife, Laura Alma Vaughan, who deeded by warranty deed a one-half interest in the property to her son, Harry Allan Vaughan. Harry died leaving a will in which he left all his property to his mother. Then, Laura Vaughan died leaving a will in which she left all her property to her daughter, plaintiff.

Plaintiff, then, contended that defendants' chain of title emanated from her parents. W. A. and Laura A. Vaughan conveyed a one-half undivided interest in the lots in question by quitclaim deed dated June 29, 1938, to Louis and Fannie Welch. The Welches, in turn, conveyed their one-half interest on October 24, 1952, by quitclaim deed to C. Doornbos.

Defendants offered a different chain of title for their interest in the property. Testimony at trial was that several lots in Sabine Pass, including the lots in question,

---

1. The trial court also denied her recovery of four lots in which plaintiff disclaimed any interest at trial, and therefore the title to these lots is not a part of this appeal.

were fenced in 1936 by defendants to graze their cattle. In 1939, C. Doornbos leased the property from four groups of people with different undivided interests in the property and he or his successors continued to lease it or parts of it until he or defendants eventually bought the property.[2] By deed dated October 31, 1953, C. Doornbos bought a one-eighth undivided interest from B. Cecil Moore, et al. He bought another one-eighth undivided interest from Emma Violette Joesting by deed dated October 28, 1953. Then, Benett Easterling, et al., conveyed to defendants what was probably a one-half undivided interest by quitclaim deed dated November 19, 1971. Finally, the First Church of Christ, Scientist, in Boston, Massachusetts, et al., conveyed a one-fourth undivided interest to defendants by deed dated December 23, 1975, and a correction deed dated June 2, 1976. From November 1972 through May 1977, defendants leased the property to various tenants.

The trial court found, *inter alia*, that (1) plaintiff failed to prove superior title to the thirteen lots in question; (2) plaintiff failed to prove that plaintiff and defendants were claiming under a common source; (3) defendants proved that they or those through whom they claim were in possession of the land and used the land more than ten years prior to the date of any alleged title emanating from any alleged common source in defendants; (4) plaintiff was never in possession of the property during that time period; and (5) defendants and those under whom they claim acquired title to the lots under the ten-year statute of limitation as they were in continuous exclusive adverse possession for thirty-eight years.

Plaintiff appeals contending that the trial court erred in holding (1) that plaintiff did not have superior title to the subject property from the common source and (2) that defendants acquired title to the subject property under the ten-year statute of limitations. We disagree.

In a trespass to try title suit the plaintiff has the burden of proving that he has title to land by one of four methods: (1) record title from the sovereignty of the soil down to himself; (2) title from a common source, *i. e.*, a source from which the defendant also claims title; (3) title by limitation; or (4) a presumptive title arising from possession of the property at a time antedating the defendant's possession. *Land v. Turner*, 377 S.W.2d 181, 183 (Tex.1964); *Walters v. Pete*, 546 S.W.2d 871, 875 (Tex. Civ.App.—Texarkana 1977, writ ref'd n. r. e.); 56 Tex.Jur.2d, Trespass to Try Title § 7, at 67–68 (1964).

Our plaintiff sought to prove that she had superior title from a common source. To prove a prima facie case of common source, plaintiff must connect her title by a complete chain of title with the title of the common source, connect defendants' title by complete chain of title to the same source, *and* prove that plaintiff's title is superior to the one defendants derived from the common source. *Jones v. Mid-State Homes, Inc.*, 163 Tex. 229, 356 S.W.2d 923, 924 (1962); *Best Inv. Co. v. Hernandez*, 479 S.W.2d 759, 762 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.). She must recover on the strength of her own title and not the weakness of her adversaries' title. *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226, 226 (1961); *Adams v. Rowles*, 149 Tex. 52, 228 S.W.2d 849, 853 (1950); *Gillum v. Temple*, 546 S.W.2d 361, 363 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

The originating deed in plaintiff's chain of title is a quitclaim deed as are all four deeds in defendants' so-called common-source chain of title. The law is established that a quitclaim deed is not a conveyance or muniment of title. The court in *McMahon v. Fender*, 350 S.W.2d 239, 240 (Tex.Civ.App.—Waco 1961, writ ref'd n. r. e.), so held:

"A quitclaim deed does not *of itself* establish any title in those holding under

2. The annual rental was divided as follows:

one-eighth – Julia C. Moore, et al.

one-eighth – Violette C. Joesting

one-fourth – Daisy M. Roche, who later deeded her interest to First Church of Christ, Scientist, in Boston, Massachusetts

one-half – E. E. Easterling, et al.

it. The quitclaim passes the interest of the grantor in the property, and for the quitclaim to be a conveyance, title in the grantor must be shown. See: 41A Tex. Jur., p. 551, par. 34; *Watkins v. Smith*, 91 Tex. 589, 45 S.W. 560; *Richardson v. Levi*, 67 Tex. 359, 3 S.W. 444; *Garrett v. Christopher*, 74 Tex. 453, 12 S.W. 67; 19 Tex.Jur.2d par. 11, p. 256."

Plaintiff failed to prove title in W. A. Vaughan, the so-called common source of title for plaintiff and defendants. Therefore, plaintiff failed to establish a superior title in herself. Defendants, on the other hand, proved that they or their predecessor in interest acquired good title from their grantors, who acquired title by adverse possession. *Brohlin v. McMinn*, 161 Tex. 319, 341 S.W.2d 420, 422 (1960); *H. L. Brown & Assocs. v. McMahon*, 525 S.W.2d 553, 557 (Tex.Civ.App.—Tyler 1975, no writ); *Winchester v. Porretto*, 432 S.W.2d 170, 175 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.); *Tex.Rev.Civ.Stat.Ann. art. 5510 (1958)*.

Finding plaintiff failed in her proof, the judgment of the trial court is affirmed.

AFFIRMED.

DIES, J., not participating.